J-S14012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JAMES BROWN | : | |
| Appellant | : | No. 3357 EDA 2016 |

Appeal from the PCRA Order September 23, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004247-2015

BEFORE:   OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY OTT, J.:                          **FILED MAY 15, 2018**

James Brown appeals, *pro se*, from the order entered on September 23, 2016, in the Court of Common Pleas of Philadelphia County, denying him relief, without a hearing, on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  In this timely appeal, Brown raises a number of arguments, some of which seem to relate to his claim that his guilty plea and sentence are, in some manner, illegal under **Alleyne v. United States**, 133 S.Ct. 2151 (2013). Other claims appear to find fault with the denial of his petition without a hearing. Appointed counsel filed a **Turner/Finley**[1] no merit letter with the PCRA court and was released from

_____

* Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

representation. Subsequently, the PCRA court, following proper notice pursuant to Pa.R.Crim.P 907, dismissed the petition without a hearing. After a thorough review of Appellant's brief,[2] relevant law, and the certified record, we affirm.

On July 14, 2015, Brown waived his right to a jury trial and pled guilty to robbery, possession of an instrument of crime and VUFA.[3] This was a negotiated plea, *i.e.*, in exchange for pleading guilty, nine other charges against Brown were *nolle prossed* and an agreed upon sentence of 10 to 20 years' incarceration followed by 5 years' probation was imposed.[4] Had Brown gone to trial, he faced a mandatory minimum sentence of 25 years to life imprisonment based upon his status as a repeat offender.[5] **See** 42 Pa.C.S. § 9714.

In his PCRA petition, Brown argued that his sentence was illegal under **Alleyne**, **supra**. In his **Turner/Finley** no-merit letter, PCRA counsel

---

[2] The Commonwealth opted not to file a brief in this matter.

[3] 18 Pa.C.S. §§ 3701(a)(1), 907(a), and 6105(a)(1).

[4] The victim in this matter owed Brown money for yard work Brown had performed. Apparently tired of waiting to be paid, Brown approached the victim who was sitting on his own front steps. Brown produced a handgun, demanded payment, and fired a shot toward the victim. The bullet struck the concrete front steps. The victim produced $33.00, which he gave to Brown, who then left. Brown was 70 years old at the time.

[5] Brown's prior record score pursuant to the sentencing guidelines was the highest category possible – REVOC – **Re**peat **V**iolent **O**ffender **C**ategory. **See** N.T. Guilty Plea, 7/14/2014, at 22.

correctly stated that **Alleyne** does not apply to situations wherein the mandatory minimum sentence is based upon prior convictions. **See Alleyne**, 133 S.Ct. at 2160 n. 1; **Commonwealth v. Reid**, 117 A.3d 777 (Pa. Super. 2015). The PCRA court conducted an independent review of the certified record and agreed with PCRA counsel that no meritorious claims were present. Accordingly, the PCRA court denied the petition, following proper notice, without a hearing. Brown did not obtain private counsel to replace appointed PCRA counsel and did not amend his petition. However, in his appellant's brief, Brown altered his argument to claim trial counsel was ineffective for coercing him into pleading guilty under the threat of an illegal mandatory minimum sentence.

We begin by noting: "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." **Commonwealth v. Root**, 179 A.3d 511, 515-16 (Pa. Super. 2018) (citation omitted).

Further, regarding review where counsel has filed a **Turner**/**Finley** no-merit letter, we are cognizant of the requirement that the court in which the **Turner**/**Finley** no-merit letter is filed conduct its own independent review of the record. **See Commonwealth v. Reed**, 107 A.3d 137, 140 (Pa. Super. 2014) (The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are

meritless. The PCRA court, or an appellate court, if the no-merit letter is filed before it, *see Turner*, *supra,* then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit....).    Instantly, both PCRA counsel and the PCRA court have independently reviewed the record.

As noted above, PCRA counsel addressed the sole issue raised in Brown's PCRA petition, namely, that his sentence was illegal pursuant to *Alleyne*, *supra*.  PCRA counsel correctly noted that *Alleyne* does not apply where the mandatory minimum sentence has been imposed based upon the fact of prior convictions.[6]  Further, and equally important, PCRA counsel noted

---

[6] *Alleyne v. United States*, 133 S.Ct. 2151, 2160 n.1 (2013).  *See also*, *Commonwealth v. Reid*, 117 A.3d 777 (Pa. Super. 2105).

> In *Alleyne,* the Supreme Court of the United States held that the Sixth Amendment requires that any fact—other than a prior conviction—that increases a mandatory minimum sentence for an offense must be submitted to the jury and proven beyond a reasonable doubt. Importantly, *Alleyne* did not overturn prior precedent that prior convictions are sentencing factors and not elements of offenses. *Alleyne*, 133 S.Ct. at 2160 n. 1; *see also Alemendarez-Torres v. United States*, 523 U.S. 224, 243-44, 118 S.Ct. 1219, 1230-31, 140 L.Ed.2d 350 (1998).
>
> Section 9714 increases mandatory minimum sentences based on prior convictions. *See* 42 Pa.C.S. § 9714(a)(1). Accordingly, this section is not unconstitutional under *Alleyne. See Alleyne, supra; see also Commonwealth v. Akbar*, 91 A.3d 227, 239 n. 9 (Pa. Super. 2014), *appeal granted and order vacated on other grounds,* --- Pa. ----, 111 A.3d 168 (2015).

*Id.* at 784-85.

that Brown did not receive a mandatory sentence. In fact, as part of the plea agreement, the Commonwealth agreed to forego application of the mandatory sentence otherwise applicable pursuant to 42 Pa.C.S. § 9714. PCRA counsel averred he had reviewed the certified record and found no other meritorious issues. The PCRA court reviewed the no-merit letter and the record, and agreed with PCRA counsel. The petition was dismissed without a hearing and without any further filings from Brown.

Also as noted above, on appeal Brown has amended his claims. The PCRA court has stated in its Pa.R.A.P. 1925(a) opinion that these claims are waived, as they were not raised in his PCRA petition.[7] *See* PCRA Court Opinion, 7/31/2017, at 3. We agree.

Although none of the issues raised in Brown's brief have been preserved, we note our agreement with the PCRA court, which briefly explained why Brown's arguments, even had they been preserved, were without merit. Brown's first two claims are of ineffective assistance of counsel and relate to the alleged failure of counsel to properly investigate *Alleyne* and thereby

---

[7] We are not listing Brown's questions as stated in his appellant's brief because they are not clearly rendered. For example, Question Two states:

> Whether PCRA counsel was ineffective in failing to act in investigating the facts and surrounding circumstances as to Appellant's charged crimes, for purposes of rendering effective assistance to Appellant at that stage of his proceedings?

Appellant's Brief at iii.

It is not until reading the argument itself that one discerns he complains that *Alleyne* was not applied to his case.

- 5 -

improperly recommend Brown accept the plea agreement rather than face the prospect of the lengthy mandatory minimum sentence. We have already discussed that *Alleyne* does not apply to Brown's situation; therefore, any claim of ineffective assistance of counsel regarding *Alleyne* fails.

Brown's third and fourth arguments appear to argue the PCRA court denied him due process by failing to permit him to file an amended PCRA petition raising the ineffective assistance claims. The PCRA court correctly noted that Brown never asked the PCRA court for leave to file an amended petition and was given the opportunity to file additional claims after the *Turner/Finley* no-merit letter was served as well as when he was notified that, pursuant to Rule 907, his petition was going to be denied without a hearing.

In light of the foregoing, Brown is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/15/18

- 6 -