J-S78036-17

2018 PA Super 23

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
BRIAN KEITH ROOT, :
:
Appellant : No. 951 WDA 2017

Appeal from the PCRA Order May 30, 2017
in the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0001146-2014

BEFORE:  OLSON, DUBOW, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:                **FILED FEBRUARY 6, 2018**

Brian Keith Root (Appellant) appeals from the May 30, 2017 order that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We reverse and remand for proceedings consistent with this opinion.

Appellant was charged with numerous crimes related to a sexually-violent incident[1] with his then-paramour in November 2014.  On May 13, 2015, Appellant and the Commonwealth presented the trial court with a negotiated plea agreement: Appellant agreed to plead guilty to four counts with the remaining counts *nol prossed*.  N.T., 5/13/2015, at 2.  Further, the Commonwealth expressly represented to the trial court that the negotiated plea included "a specific agreement on sentencing," namely, an aggregate

_____

[1] The Sexual Offenders Assessment Board ultimately concluded that Appellant is not a sexually violent predator.  N.T., 8/24/2015, at 22.

* Retired Senior Judge assigned to the Superior Court

sentence of two to four years of imprisonment followed by twelve years of probation. *Id.*

The trial court informed Appellant that it understood that it was "a heavily negotiated plea," and it was willing to consider the recommendation, but, although it was likely it would go along with it, it could not "commit to that right now." *Id.* at 7-8. The trial court also advised Appellant that if it decided to give Appellant "more time… than what was agreed upon," it nonetheless would **not** allow Appellant to withdraw his plea. *Id.* at 8. The trial court ultimately accepted the plea and scheduled a sentencing hearing. *Id.* at 16, 19.

At the sentencing hearing, the Commonwealth reiterated that the parties had agreed upon an aggregate sentence of two to four years of imprisonment, followed by 12 years of probation. N.T., 8/24/2015, at 18. The Commonwealth noted that the victim was aware of the agreement, and that both the Commonwealth and the victim hoped the court would follow the "very appropriate plea agreement." *Id.* Counsel for Appellant also reiterated that there was "an agreed-upon sentence," and therefore declined to dispute allegations made in the victim impact statement. *Id.* at 21.

The trial court proceeded to "follow the agreement, but with kind of a twist." *Id.* at 25. The trial court stated that it would order the same aggregate period of supervision, but that it preferred to impose greater maximum prison sentences with no probation tail. Accordingly, it sentenced

- 2 -

Appellant to two to fourteen years of imprisonment, with credit for 292 days served. *Id.* Counsel for Appellant pointed out that, under the trial court's sentencing scheme, there was "no guarantee that they would let him out," before his maximum sentence. *Id.* at 26. The trial court responded that it did not believe that would be the case, but if the parole board believes it "is necessary and appropriate" for Appellant to serve more than his minimum, then that is "what should happen." *Id.*

Appellant timely filed a post-sentence motion asking the trial court to reconsider the sentence, citing the fact that the plea agreement included a specific sentence that was different than the one he received. Motion for Reconsideration of Sentence, 9/3/2015, at ¶ 3. The trial court denied the motion, reiterating that the court at the plea colloquy informed Appellant that it would not be bound by his agreement with the Commonwealth, but would consider all relevant sentencing information in deciding the appropriate sentence. Order, 9/9/2015, at 1 (unnumbered). Appellant did not file a direct appeal. However, counsel did file a motion to withdraw appearance on October 8, 2015, which the trial court granted the same day.[2]

On August 25, 2016, Appellant *pro se* timely filed a PCRA petition, claiming therein, *inter alia*, that the "negotiated plea was not honored!"

---

[2] Counsel represented in the motion that the time for filing an appeal had expired. However, the motion actually was filed and granted on the last day an appeal could have been filed timely.

- 3 -

PCRA Petition, 8/24/2016, at 4 (unnecessary capitalization omitted). The PCRA court promptly appointed counsel and granted time for the filing of a counseled petition. Order, 8/26/2016.

Counsel filed an amended petition on October 7, 2016. Therein, Appellant alleged, that he was entitled to, *inter alia*, (1) be sentenced in accordance with the plea agreement pursuant to **Commonwealth v. Parsons**, 969 A.2d 1259, 1268 (Pa. Super. 2009) (*en banc*); (2) an evidentiary hearing to elicit the testimony of Appellant and plea counsel regarding, *inter alia*, his failure to file an appeal challenging the trial court's failure to sentence Appellant according to the plea agreement as required by **Parsons**; and/or (3) withdraw his plea. Amended PCRA Petition, 10/7/2016, at 3-4. On October 13, 2016, Appellant filed an exhibit to supplement the amended petition with a copy of Appellant's written plea agreement.[3] The form reiterates what was represented at the oral plea colloquy: that there was an agreement as to the sentence, and that the agreed-upon sentence was a "special condition" of the plea agreement. Exhibit to Supplement Amended PCRA Petition, 10/13/2016, at Exhibit A.

On November 16, 2016, the PCRA court filed a memorandum and order addressing the amended petition. Therein, the PCRA court indicated

_____

[3] The document previously had not been part of the record; the fine print at the bottom of the form states: "NOTICE TO THE CLERK OF COURTS: This form is not to be filed among the official papers for this case in your office. If you have received a copy in error, PLEASE DO NOT FILE IT IN YOUR OFFICE. Return the copy to the Court Administrator's Office immediately." ***Id.***

that Appellant's challenge to his sentence was waived by his failure to raise it in a direct appeal. Memorandum and Order, 11/16/2016, at 3. Further, the PCRA court opined that, even if the issue were not waived, it is meritless, because, while **Parsons** holds that a court is bound by an approved plea agreement, the plea agreement in the instant case "was never approved by the [c]ourt." **Id.** Finally, the PCRA court determined that no hearing was necessary because there were no issues of fact. **Id.** at 4. Therefore, the PCRA court issued notice of its intent to dismiss the amended petition without a hearing pursuant to Pa.R.Crim.P. 907.

Appellant timely filed a response to the notice. Therein, Appellant (1) maintained that he is entitled to relief under **Parsons**, noting that the trial court in **Parsons** also indicated during the colloquy that it was not bound by the sentencing agreement; (2) expressed a belief that the PCRA court misconstrued his claim, clarifying that he is alleging that, under **Parsons**, plea counsel was ineffective in not filing a direct appeal; and (3) reiterated his claim that a hearing was necessary to develop the factual issues. Response, 12/2/2016, at 2-4. As a result, the PCRA court scheduled an evidentiary hearing, limited to the question of whether Appellant timely asked plea counsel to file a direct appeal. Order, 1/25/2017, at 1.

At the hearing, Appellant and plea counsel testified, offering fairly consistent testimony. Appellant indicated that, after sentencing, he asked counsel if there was anything that they could do to correct the trial court's

deviation from the plea agreement, and counsel filed a motion for reconsideration. N.T., 5/19/2017, at 13. After the motion was denied, counsel informed him that an appeal would be a waste of time "because it would be placed back down into the sentencing judge's discretion." *Id.* at 14. Appellant also produced letters sent to him from plea counsel. The first, dated two days after the sentencing hearing, noted "[f]rankly, this is the first time that I can remember that a judge has not followed the plea agreement that was reached with the District Attorney's office." *Id.* at Exhibit B (unnumbered page 1). Nonetheless, counsel advised Appellant as follows:

> With regard to the sentence that was imposed, unfortunately there is nothing that can be done to have that sentence changed even though neither you nor I was satisfied with the sentence that you received. An appeal to a higher court would not be successful since they would defer to the sentencing discretion of the county judge.

*Id.* (unnumbered page 2). The second letter, dated one week after the post-sentence motion was denied, included the following.

> Unfortunately there is nothing further that our office is going to be able to do on your behalf. The Pennsylvania Superior Court would certainly never overrule or overturn his sentence. While I am glad that I was able to obtain a favorable plea agreement on your behalf, I was disappointed that the judge decided not to abide by all the terms of that agreement. I cannot think of any other case that I have handled where the agreement was not followed.

*Id.* at Exhibit C.

Plea counsel also testified that, after the post-sentence motion was denied, he informed Appellant that "there wasn't anything further I felt we could effectively do." N.T., 5/19/2017, at 38. When asked if he had any further discussions with Appellant about filing an appeal, plea counsel responded as follows.

> I don't know whether we talked in person about that or whether I said anything in writing. I made the decision that because he had, basically, half of his minimum sentence served, and in my experience with many, many Superior Court cases, it takes about 12 months, 9 to 15 months to get a decision, I figured that he would have served his minimum sentence before we would get a decision from the Superior Court.

*Id.*

After plea counsel retrieved Appellant's case file, the Commonwealth offered therefrom a letter from Appellant to plea counsel dated August 27, 2015 (three days after sentencing), in which Appellant stated: "I thought the judge was going to go with the plea agreement of 2 to 4 years. I would like to talk to you about [an] appeal + motion to modify sentence." *Id.* at Exhibit 1. Plea counsel indicated that, as a result of the letter, he met with Appellant and told him that he would file a motion to modify sentence. *Id.* at 25. At no time after the denial of the post-sentence motion did Appellant renew his request that counsel file an appeal. *Id.*

By memorandum and order of May 30, 2017, the PCRA court dismissed Appellant's amended PCRA petition. The court determined that plea counsel testified credibly that Appellant did not request an appeal after

- 7 -

the post-sentence motion was denied. Memorandum and Order, 5/30/2017, at 2. The PCRA court found that Appellant offered no credible evidence to the contrary, as the August 27, 2015 letter from Appellant to counsel "was merely a request to discuss post-sentence options, and counsel responded by filing the motion to modify sentence." *Id.* at 2-3.

Further, the PCRA court rejected Appellant's argument that plea counsel should have known that Appellant would have wanted to appeal his sentence based upon *Parsons,* as the court found *Parsons* inapplicable to Appellant's case. *Id.* at 3 (contrasting *Commonwealth v. Rivera*, 154 A.3d 370, 379 (Pa. Super. 2017) (*en banc*) ("[C]ounsel failed to provide Rivera with all the relevant information he needed to determine whether to file a direct appeal. … Counsel's belief that an appeal would likely be unsuccessful is not the determinative factor.")).

Appellant timely filed a notice of appeal. The trial court did not order Appellant to file a statement of errors complained of on appeal, and none was filed. In his brief, Appellant asks this Court to determine whether the PCRA court erred in determining that *Parsons* does not apply to Appellant's case, and whether the PCRA court erred in dismissing without a hearing his claims that plea counsel was ineffective in failing to file a motion to enforce the plea agreement or to withdraw his plea. Appellant's Brief at 9.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported

by the record evidence and free of legal error." ***Commonwealth v. Whitehawk***, 146 A.3d 266, 269 (Pa. Super. 2016).

We begin with an examination of the ***Parsons*** decision. In that case, Parsons was charged with numerous sex offenses ranging from corruption of minors to rape, and he ultimately reached a negotiated plea agreement with the Commonwealth. ***Parsons***, 969 A.2d at 1261. "Under the agreement, the Commonwealth agreed to pursue only one count of statutory sexual assault and one count of corruption of minors." ***Id.*** "In exchange [Parsons] agreed to plead guilty to these two counts and to accept imposition of a negotiated sentence of six to twenty-three months of county incarceration, followed by five years of probation." ***Id.*** at 1261-62 (repetition of amounts in numerical form omitted).

At the plea colloquy, the Commonwealth responded as follows when asked by the trial court to place the agreement on the record.

> In the plea agreement, there's an agreed upon sentence by the defense and the Commonwealth for a sentence of 6 to 23 months on the statutory sexual assault followed by 5 years' probation on the corruption of minors. This is a charge agreement as the [c]ourt can see from the [i]nformation as well as the sentencing agreement if the [c]ourt should choose to accept [the agreement]. I have spoken with the victim, the victim's family, as well as the prosecutor in this case and they have no objections to this resolution.

***Id.*** at 1262. Parsons acknowledged that that was his understanding of the agreement, that the trial court was not bound by the agreement, and if the trial court chose not to follow the agreement, Parsons would have the right

to withdraw his guilty plea and proceed to trial. *Id.* The trial court accepted the plea and ordered a presentence investigation. At the sentencing hearing, the Commonwealth reiterated the agreed-upon sentence, and asked the trial court to sentence Parsons according to the agreement. Parsons, on the other hand, argued that it was not "a great plea agreement" because he never should have faced most of the charges in the first place, complained that the victim was a liar who tricked Parsons, and requested a lighter sentence than that to which he had agreed. *Id.* at 1264. The trial court then "simply refused to impose the agreed-upon fixed sentence" and instead ordered electronic monitoring. *Id.* at 1265.

The Commonwealth presented a motion to withdraw the plea, and appealed its denial. This Court, sitting *en banc*, considering the Commonwealth's arguments, reviewed the different types of plea agreement options available in any given case.

> In an open plea agreement, there is an agreement as to the charges to be brought, but no agreement at all to restrict the prosecution's right to seek the maximum sentences applicable to those charges. At the other end of the negotiated plea agreement continuum, a plea agreement may specify not only the charges to be brought, but also the specific penalties to be imposed. In between these extremes there are various options, including an agreement to make no recommendation or ... an agreement to make a favorable but non-binding recommendation. …

*Id.* at 1267 (quoting *Commonwealth v. McClendon*, 589 A.2d 706, 710 (Pa. Super. 1991) (*en banc*)) (internal quotation marks, citations, and emphasis omitted).

- 10 -

The Court went on to offer the following summary of the law applicable to plea agreements that include specific terms regarding the sentence to be imposed.

> Where the plea bargain calls for a specific sentence that is beyond the prosecutor's narrowly limited authority in sentencing matters, the plea bargain implicates the court's substantive sentencing power, as well as its guardianship role, and must have court approval. Thus, the trial court has broad discretion in approving or rejecting plea agreements. The court may reject the plea bargain if the court thinks it does not serve the interests of justice. **If the court is dissatisfied with any of the terms of the plea bargain, it should not accept the plea**; instead, it should give the parties the option of proceeding to trial before a jury. Assuming the plea agreement is legally possible to fulfill, **when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement**.

*Id.* at 1268 (citations and footnote omitted; emphasis added). Applying this law to the facts before it, this Court held that the trial court erred when it "set aside the sentencing term, without the Commonwealth's consent, despite the clarity of the plea agreement both as to the charges and the specific sentence, which the court had previously accepted." *Id.* at 1272.

After a thorough comparison of the cases, we hold the PCRA court erred in determining that the *Parsons* decision cannot establish a basis of relief for Appellant. As detailed above, the recitation of the plea agreements on the record to the courts in both cases included equally clear expressions that a specific sentence was a term of the agreement, not an agreement to make a mere non-binding sentencing recommendation. *Compare* N.T.,

5/13/2015, at 2 ("This is going to be guilty pleas to Counts 5, 6, 7 and 8 at the amended information. We're *nol prossing* the remaining charges and there is a specific agreement on sentencing, Your Honor. [Appellant] and the Commonwealth both agree to consecutive sentences of six months to 12 months followed by a three-year probationary tag at each count. This would essentially be a two to four-year sentence followed by [] 12 years of probationary tag."); **with Parsons**, 969 A.2d at 1263 ("In the plea agreement, there's an agreed upon sentence by the defense and the Commonwealth for a sentence of 6 to 23 months on the statutory sexual assault followed by 5 years' probation on the corruption of minors. This is a charge agreement as the [c]ourt can see from the [i]nformation as well as the sentencing agreement if the [c]ourt should choose to accept [the agreement]." (emphasis omitted)).

In opining that **Parsons** did not apply in the instant case, the PCRA court offered the following distinction.

> **Parsons** holds that when a plea agreement is entered on the record, and approved by the trial court in accepting the plea, the parties and the court are bound by the terms of the agreement. The plea here was not fully approved by the [trial c]ourt, which instead expressed its disagreement with some of the sentencing terms. [Appellant] never asked to withdraw his plea.[4]

---

[4] That no motion to withdraw the plea was filed in the instant case does not reflect the inapplicability of **Parsons**. Rather, as we discuss *infra*, it is an indication that Appellant's counsel rendered ineffective assistance in telling Appellant that there was nothing further that counsel could do, rather than advising Appellant that he had the option of withdrawing his plea if the court did not impose the agreed-upon sentence after accepting the plea.

Memorandum and Order, 5/30/2017, at 3 n.3 (citations omitted).

The PCRA court is correct that the trial court in *Parsons* did not, as did the court in the instant case, specifically question its support for the agreed-upon sentence. However, the trial court in *Parsons* did, as did the trial court in the instant case, inform the parties that it was not bound by the plea agreement, and order a presentence investigation. *Parsons*, 969 A.2d at 1262-63. Such an exercise was wholly unnecessary unless the court was indeed considering imposition of a sentence other than the one negotiated by the parties.

To be clear, a trial court legally may impose a harsher sentence than the one agreed upon, even after accepting a plea with a negotiated sentence. *Commonwealth v. Tann*, 79 A.3d 1130, 1133 (Pa. Super. 2013) ("Following the acceptance of a negotiated plea, the trial court is not required to sentence a defendant in accordance with the plea agreement. Such a sentence is legal, so long as it does not exceed the statutory maximum."). However, when it does so, the trial court must give the defendant the option to withdraw his plea and proceed to trial. *Id.* ("[A] criminal defendant who is sentenced to more than was agreed upon in a negotiated plea may withdraw his guilty plea upon being deprived of the benefit of his bargain.") (citing *Commonwealth v. Wallace*, 870 A.2d 838, 843 n.5 (Pa. 2005)).

Here, the trial court both accepted a plea that included as a term a specific penalty to be imposed and informed Appellant that receiving something other than the agreed-upon sentence was not a basis for withdrawal of the plea. N.T., 5/13/2015, at 8. Such was error. Under the applicable law of Pennsylvania discussed above, Appellant was entitled either to receive the benefit of the bargain, including the agreed-upon sentence, or the option to withdraw his plea.

Having determined that **Parsons** does state the law applicable in the instant case, we turn to Appellant's remaining arguments that he was entitled to a hearing on his claims that plea counsel was ineffective in not filing a post-sentence motion to enforce the plea agreement or to withdraw Appellant's guilty plea. Appellant's Brief at 11-20.

In reviewing these claims, we bear in mind that counsel is presumed to be effective. **Commonwealth v. Andrews**, 158 A.3d 1260, 1263 (Pa. Super. 2017).

> To overcome this presumption, a PCRA petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

**Id.** (internal quotation marks and citation omitted).

Our extensive discussion above demonstrates the merit to Appellant's legal claim. Further, Appellant clearly was prejudiced by counsel's failure to advocate for his legal rights: he gave up his constitutional right to have a

jury determine whether he is guilty, yet he received a maximum prison sentence more than three times greater than that for which he bargained. The question remains whether counsel had a reasonable basis for failing to consult with Appellant about filing post-sentence motions in the form of enforcing the plea agreement or withdrawing the plea.

While the PCRA court limited the hearing held on May 19, 2017, to the question of whether Appellant requested that counsel file a direct appeal, the facts relevant to Appellant's post-sentence-motion claims were developed at that hearing. Specifically, counsel wrote a letter to Appellant advising him, incorrectly, that "there is nothing that can be done to have that sentence changed[.]" N.T., 5/19/2017, at Exhibit B (unnumbered page 2). Counsel also offered as a basis for his failure to take additional actions his belief that Appellant likely would be paroled before a challenge to his sentence could be resolved. N.T., 5/19/2017, at 38. Thus, the record presently before us establishes that counsel lacked a reasonable basis for failing to advise Appellant that he had available remedies under the law. *Cf. Commonwealth v. Timchak*, 69 A.3d 765, 776 (Pa. Super. 2013) (holding that counsel had a reasonable basis for failing to discuss withdrawal of guilty plea after judge did not sentence in strict conformity with plea agreement, as the agreement was open to the trial court's discretion on some terms, and counsel determined that Timchak had "'hit a homerun' in receiving a lenient sentence").

While, as Appellant acknowledges, plea counsel "did an excellent job" in negotiating a favorable plea agreement, Appellant's Brief at 22, the record reveals that counsel's post-sentence performance simply fell below what is constitutionally required. As a result, we hold that Appellant is entitled to PCRA relief in the form of reinstatement of his post-sentence rights.[5]

Upon remand, the PCRA court shall determine whether Appellant should proceed with current counsel or whether appointment of new counsel is appropriate. Thereafter, the court shall establish a deadline for the filing of a post-sentence motion, and proceed thereafter under Rule 720 of the Rules of Criminal Procedure.

Order reversed. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

---

[5] The Commonwealth contends that if relief is due under **Parsons**, "the case should be remanded for sentencing consistent with the plea agreement." Commonwealth's Brief at 7. While that was the result in **Parsons**, we do not deem it appropriate here. Because it was the Commonwealth, rather than Parsons, who wished to have the plea rescinded, but jeopardy had attached when Parsons had been sentenced, the Commonwealth would have been barred from prosecuting Parsons a second time on those charges. **Parsons**, 969 A.2d at 1270-71. Therefore, this Court avoided double-jeopardy issues by remanding the case for imposition of the agreed-upon sentence. **Id.** at 1271. Such concerns are not present in the instant case, and we see no reason to deny the trial court its discretion to impose the sentence it has determined is appropriate, so long as it is subject to Appellant's right to seek withdrawal of his plea. **See, e.g., Tann**, 79 A.3d at 1133.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2018