J-S05023-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AKANINYENE EFIONG AKAN | : | |
| | : | |
| Appellant | : | No. 928 WDA 2017 |

Appeal from the PCRA Order June 8, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001844-2011

BEFORE: OLSON, J., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                          FILED JUNE 29, 2018

Akaninyene Efiong Akan appeals from the order entered on June 8, 2017, in the Court of Common Pleas of Allegheny County denying him relief on his pro se, second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 et seq. The PCRA court denied Akan's petition, without a hearing, as it was not filed within the required one-year statutory time limit and none of the timeliness exceptions applied. In this timely appeal, Akan claims the PCRA court erred in failing to accept his assertion of newly discovered evidence. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.[1]

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Our standard of review is as follows:

In 2014, Akan was convicted of vaginally and anally raping a woman, as well as forcing her to perform oral sex on him. Akan had been in the woman's residence the night before the assault in the company of one of the victim's roommates. Akan had brought the roommate, who was incoherently drunk, home. However, Akan was forced to leave the residence. Akan's fingerprints were found on a window that was the point of entry to the residence for the assault. His DNA was found in the victim's underwear. Approximately one week after the attack, the police spoke with Akan on the street. His DNA was obtained from a cigarette he had been smoking that he dropped on the street. At trial, Akan claimed the DNA results were flawed and the positive test on the victim's underwear was a product of cross-contamination. Akan was convicted on a variety of charges and was sentenced to an aggregate term of 32 to 80 years' incarceration. Akan was afforded no relief on his direct appeal or in his first PCRA petition.

The PCRA court has accurately related the statutory timeliness requirements, as well as the statutory timeliness exceptions, found in the PCRA. We see no need to recount them herein. See Trial Court Opinion, at 5-6. There is no question this PCRA petition was not filed within one year of

_____

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error."

Commonwealth v. Root, 179 A.3d 511, 515-16 (Pa. Super. 2018) (citation omitted).

Akan's sentence becoming final on August 28, 2014. Accordingly, Akan's petition is facially untimely. However, Akan claims he is entitled to the timeliness exception found at 42 Pa.C.S. § 9545(b)(1)(ii), often referred to as the newly discovered evidence exception.

Akan included two articles from scientific journals and a newspaper article from the Pittsburgh Post-Gazette, each of which addresses a possible problem of DNA analysis.[2] The articles are as follows: (1) "Could Secondary DNA Transfer Falsely Place Someone at the Scene of a Crime?" which was published January 2016 in the Journal of Forensic Sciences, Vol. 61, No. 1, (2) "When DNA Implicates the Innocent", published in Scientific American, June 2016, and (3) "Complex DNA is still a developing technology, experts say", published August 28, 2016 in the Pittsburgh Post-Gazette. The PCRA court correctly noted none of these articles qualifies as evidence. See Trial Court Opinion, at 7-8; Commonwealth v. Castro, 93 A.3d 818, 824 (Pa. 2014) (newspaper articles detailing allegations of police misconduct are not evidence).

Essentially, the two scientific journal articles appear to relate concerns regarding cross-contamination of evidence that might lead to a positive DNA result despite a person never having had direct contact with the evidence. Akan has provided no link from the articles' statements to the specifics of

_____

[2] Akan also included a Pittsburgh Police Department Memo, dated December 16, 2010, indicating Akan had been arrested in Oakland, California, on September 12, 2010. We fail to discern the relevance of this article as newly discovered evidence.

Akan's case. The requirement that the newly discovered evidence in this matter be specifically linked to Akan's trial evidence is even more compelling because Akan's DNA expert testified he found no improprieties in the Commonwealth's handling of the DNA evidence. See N.T. Trial, v. 2, 4/2-4/2014, at 89.

Because none of Akan's proffered articles qualifies as evidence, he is not entitled to the application of the timeliness exception found at Section 9545(b)(1)(ii). Accordingly, the PCRA court properly determined the petition was untimely and Akan was not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/29/2018

- 4 -