J-S12026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JAMES LEE NEAL :
:
Appellant : No. 1512 MDA 2018

Appeal from the PCRA Order Entered August 13, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005782-2016

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                **FILED: MAY 3, 2019**

Appellant, James Lee Neal, appeals from the August 13, 2018 Order dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S §§ 9541-9546, as untimely.  After careful review, we affirm.

The facts and procedural history are, briefly, as follows.  On October 5, 2016, police arrested Appellant, a convicted sex offender, for failing to register his cell phone on August 30, 2016.[1, 2]  The Commonwealth charged Appellant

---

[1] Appellant was subject to the registration and reporting requirements of Megan's Law owing to his conviction of a sexual offense that he committed "[o]n some date prior to January 1, 2001." Appellant's Brief at 5. The offense of which Appellant was convicted is not specified in the record in this matter.

[2] On December 20, 2012, the legislature enacted the Sexual Offender Notification and Registration Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.42. SORNA repealed Megan's Law II and III, and applied to Appellant retroactively pursuant to Section 9799.13.

with Failure to Register with the Pennsylvania State Police ("Failure to Register"), Failure to Comply with Registration of Sexual Offender Requirements, and Failure to Provide Accurate Information.

On December 20, 2016, Appellant entered a negotiated guilty plea to the Failure to Register[3] charge. That same day, the trial court sentenced him pursuant to that agreement to a term of one and a half to three years' incarceration followed by five years' probation. Appellant did not file a Post-Sentence Motion or a direct appeal from his Judgment of Sentence. Appellant's Judgment of Sentence, thus, became final on January 19, 2017. *See* 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); U.S. Sup. Ct. R. 13.

On June 11, 2018, Appellant filed a counselled PCRA Petition. In the Petition, he alleged that, pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017),[4] he is serving an illegal sentence for his Failure to Register

---

[3] 18 Pa.C.S. §§ 4915.1(a)(1).

[4] In **Muniz**, decided on July 19, 2017, the Pennsylvania Supreme Court determined that retroactive application of SORNA's registration requirements violates the *ex post facto* clause of the Pennsylvania Constitution. Thus, the Court declared SORNA unconstitutional when applied to defendants who were convicted of crimes committed before SORNA's December 20, 2012 effective date. In response, the Legislature recently amended SORNA with by H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018 ("Act 10").

conviction. Petition, 6/11/18, at ¶¶ 9, 20-23. On June 19, 2018, the Commonwealth filed a Response to Appellant's Petition.

On July 7, 2018, the PCRA court notified Appellant of its intent to dismiss his PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a Response to the Petition. On August 13, 2018, the PCRA court dismissed Appellant's Petition as untimely.

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[5]

Appellant raises the following issue on appeal:

> Is not [Appellant's] conviction for Failure to [Register] under 18 Pa.C.S. § 4915.1 rendered invalid by the Pennsylvania Supreme Court's *Muniz* decision and is not [Appellant] entitled to contest that conviction under the PCRA because the Supreme Court in *Commonwealth v. Polzer*, ruled that *Muniz* is applicable retroactively on collateral review?

Appellant's Brief at 4.

On appeal, Appellant challenges the retroactive application of SORNA's registration requirements as unconstitutional after *Muniz*. Appellant's Brief at 12-26.

## Standard/Scope of Review

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." *Commonwealth v. Root*, 179 A.3d 511, 515-16 (Pa. Super. 2018) (citation omitted). This Court grants

---

[5] The PCRA court filed a Statement in Lieu of Memorandum Opinion.

great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order to obtain relief under the PCRA, a petition must be timely filed. **See** 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. **Id.** at Section 9545(b)(1). The PCRA, however, provides exceptions to the timeliness requirement in certain circumstances. 42 Pa.C.S. §9545(b)(1)(i)-(iii). In addition to establishing the elements of a timeliness exception, a petitioner must also establish that he filed his PCRA Petition within 60 days of the date he could have presented his claim. 42 Pa.C.S. § 9545(b)(2).[6] Appellant's Petition, filed almost a year and a half after his Judgment of Sentence became final, is facially untimely.

Appellant attempts to invoke the exception set forth at Section 9545(b)(1)(iii). **See** 42 Pa.C.S. § 9545(b)(1)(iii) ("the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section as has been held by that court to apply retroactively.").

---

[6] Effective December 24, 2018, Section 9545(b)(2) now provides that, for claims arising on December 24, 2017, or after, "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented."

Our Supreme Court decided *Muniz* on July 17, 2017. Appellant did not file the instant PCRA Petition until June 11, 2018, which is almost a year after the date of the decision in *Muniz*, and well beyond the 60-day filing requirement set forth in Section 9545(b)(2).

Even if Appellant had filed this Petition within 60 days of the Supreme Court's decision in *Muniz*, Appellant would still not be entitled to relief. Because Appellant's PCRA petition is untimely, the timeliness exception provided in Section 9545(b)(1)(iii) requires that he demonstrate that the Pennsylvania Supreme Court has held that the holding in *Muniz* applies retroactively. Because our Supreme Court has issued no such holding, Appellant cannot rely at this time on *Muniz* to meet that timeliness exception. *Commonwealth v. Murphy*, 180 A.3d 402, 405-06 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018). Thus, even if Appellant had filed his Petition within 60 days of the *Muniz* decision, he cannot satisfy this timeliness exception. Accordingly, we are without jurisdiction to address this issue.

In conclusion, Appellant has not pleaded and proved the applicability of any of the PCRA's timeliness exceptions and, therefore, we are without jurisdiction to consider the merits of this appeal. The PCRA court properly dismissed Appellant's Petition as untimely. The record supports the PCRA court's findings and its Order is free of legal error. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2019