J-S23036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID ALLEN YINGLING | : | |
| | : | |
| Appellant | : | No. 1539 WDA 2018 |

Appeal from the PCRA Order Entered September 19, 2018
In the Court of Common Pleas of Indiana County Criminal Division at
No(s): CP-32-CR-0001059-2016

BEFORE:   BENDER, P.J.E., NICHOLS, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                               **FILED JUNE 21, 2019**

Appellant, David Allen Yingling, appeals from the order entered September 19, 2018, that denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm on the basis of the PCRA court opinion.

In its opinion, the PCRA court correctly set forth the relevant facts and procedural history of this case.  **See** PCRA Court Opinion, filed September 19, 2018, at 1-4.  Therefore, we have no reason to restate them at length here.

For the convenience of the reader, we briefly note that a competency evaluation of Appellant was completed by Abhishek Jain, M.D., who submitted a written report to the trial court dated July 7, 2016.  According to Dr. Jain,

_____

[1] 42 Pa.C.S. §§ 9541–9546.

\*   Retired Senior Judge assigned to the Superior Court.

Appellant understood the nature and object of the proceedings against him, could participate and assist his defense, and was therefore competent to stand trial. On January 13, 2017, Appellant pleaded guilty to murder of the third degree.[2] On April 3, 2017, the trial court sentenced Appellant to 17½ to 35 years of confinement. At both his plea and sentencing hearings, Appellant was represented by two attorneys, Donald McKee, Esquire, and Annmarie Everett, Esquire (hereinafter, collectively, "trial counsel"). Appellant did not file a direct appeal.

On March 26, 2018, Appellant filed his first, *pro se*, timely PCRA petition. On April 3, 2018, the PCRA court appointed counsel to represent Appellant and ordered PCRA counsel to file an amended petition within 90 days of the date of the order, and PCRA counsel complied on June 22, 2018. The amended PCRA petition alleged:

> Despite [Appellant]'s mental health concerns, prior counsel did not further investigate [Appellant]'s mental state . . . at the time [Appellant] entered his plea. . . .
>
> [Appellant] believes and therefore avers that prior counsel should have attempted to bargain a plea for him based on a Guilty but Mentally Ill plea.
>
> . . .
>
> [Appellant]'s prior counsel was ineffective in that [Appellant] would not have entered a plea had he been aware of the proper sentencing range that he was going to be subjected to due to his prior record score.

Amended PCRA Petition, 6/22/2018, at ¶¶ 18-19, 23.

---

[2] 18 Pa.C.S. § 2502(c).

On August 27, 2018, the PCRA court held an evidentiary hearing.[3] At the hearing, both Attorney McKee and Attorney Everett testified that they considered the possibility of a guilty-but-mentally-ill defense, but, given the Dr. Jain's findings and the Commonwealth's plea offer of third-degree murder, they did not believe that presenting such a defense was the best possible strategy for Appellant. Attorney Everett additionally testified that she discussed the possible range of sentences with Appellant at the time of his plea.

On September 19, 2018, the PCRA court entered an order denying Appellant's petition and an accompanying opinion. On October 19, 2018, Appellant filed this timely appeal.[4]

Appellant presents the following issues for our review:

1. Whether the [PCRA] court erred when it made a finding that defense counsel was effective counsel when defense counsel failed to inquire about [Appellant]'s mental state at the time of the plea hearing, making the plea involuntary and unknowing[].

2. Whether the [PCRA] court erred when it made a finding that defense counsel was effective counsel, even though counsel failed to pursue a guilty but mentally ill defense, causing the plea to be involuntary and unknowing.

_____

[3] The notes of testimony for the PCRA hearing are incorrectly labelled as "Omnibus Pretrial Motion".

[4] On November 19, 2018, Appellant filed his statement of errors complained of on appeal. Later that same day, the PCRA court ordered that the opinion accompanying its order denying PCRA relief would serve as its opinion pursuant to Pa.R.A.P. 1925(a).

3.     Whether the [PCRA] court erred when it made a finding that defense counsel was effective counsel, even though defense counsel failed to advise [Appellant] about the possible sentencing ranges that he could face at sentencing.

Appellant's Brief at 6 (suggested answers and unnecessary capitalization omitted).

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." **Commonwealth v. Medina**, 2019 PA Super 119, *8 (filed April 17, 2019) (quoting **Commonwealth v. Brown**, 196 A.3d 130, 150 (Pa. 2018)).

All of Appellant's claims allege ineffective assistance of trial counsel. Appellant's Brief at 16-22.  Appellant specifically contends that his trial counsel was ineffective, because counsel "did not inquire into [Appellant]'s mental state at the time of his guilty plea" and "failed to advance a guilty but mentally ill verdict or plea" or "to inform [him] of this possible legal avenue."  **Id.** at 16, 18, 22.  He also argues that trial counsel was ineffective for failing to "advise [him] of his prior record score and sentencing ranges prior to sentencing."  **Id.** at 14.[5]

_____

[5] In his brief to this Court, Appellant also contends that Dr. Jain's evaluation does not include his prior mental health treatment history and that his "hearing issues coupled with his mental illness ultimately caused his guilty plea to be involuntarily and unknowingly entered."  Appellant's Brief at 17-18. However, Appellant makes no mention of Dr. Jain's failure to explore his mental health history or his hearing issues in his amended PCRA petition, and, thus, these challenges are waived.  **Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004) ("Regardless of the reasons for [an a]ppellant's belated

[C]ounsel is presumed to be effective.

> To overcome this presumption, a PCRA petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

> **Commonwealth v. Root**, 179 A.3d 511, 518 (Pa. Super. 2018) (citation omitted) (some formatting). "A failure to satisfy any of

_____

raising of [an] issue, it is indisputably waived. We have stressed that a claim not raised in a PCRA petition cannot be raised for the first time on appeal.").

Assuming Appellant's claim that Dr. Jain should have explored his mental health treatment history were not waived, when asked during his guilty plea hearing if he had "ever received treatment for a mental disease or disability[,]" Appellant answered, "No." N.T., 1/13/2017, at 4. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath[.]" **Commonwealth v. Yeomans**, 24 A.3d 1044, 1047 (Pa. Super. 2011); **accord Commonwealth v. Wilcox**, 174 A.3d 670, 674 (Pa. Super. 2017), *appeal denied*, 184 A.3d 545 (Pa. 2018).

Likewise, assuming *arguendo* that the issue of Appellant's hearing were not waived, immediately prior to his plea hearing, Appellant completed a nine-page **written** guilty plea colloquy giving his full name, age, education, and comprehension of written and spoken English and acknowledging that he understood the charge to which he was pleading guilty, the facts summarized by the Commonwealth that supported his plea, his right to trial by jury including the jury selection process, and the presumption of innocence; he initialed pages 2 to 9 and signed page 9. Appellant's hearing problems could not have affected his ability to complete a written colloquy, and this written colloquy satisfied all of the inquiries necessary to find that a plea is voluntarily and understandingly tendered pursuant to Pa.R.Crim.P. 590. **See Commonwealth v. McGarry**, 172 A.3d 60, 66-67 (Pa. Super. 2017), *appeal denied*, 185 A.3d 966 (Pa. 2018). Additionally, during his oral guilty plea colloquy in open court, Appellant never requested that a question be repeated, asked any participant to increase his or her volume, or otherwise demanded assistance with his hearing. **See generally** N.T., 1/13/2017. Hence, assuming this issue were not waived, we would still find no arguable merit to Appellant's assertion that his hearing somehow rendered his plea unknowing or involuntary.

the three prongs of [this] test requires rejection of a claim of ineffective assistance[.]" ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1128 (Pa. 2011).

***Medina***, 2019 PA Super 119, *15. "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (citation omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Thomas M. Bianco, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of those questions. ***See*** PCRA Court Opinion, filed September 19, 2018, at 7–12 (finding: (1) with regard to Appellant's claim that trial counsel was ineffective for failing to investigate Appellant's mental health at the time of the plea, Appellant failed to establish that the underlying claim has arguable merit, because the competency evaluation sufficiently addressed Appellant's state of mind at the time of the crime and at the time of the plea, so a request for a further evaluation was not warranted; (2) with regard to Appellant's claim that counsel was ineffective for failing to pursue a guilty-but-mentally-ill verdict or plea, Appellant failed to establish that trial counsel lacked an objectively reasonable basis, because both Attorneys McKee and Everett testified during the PCRA hearing that they considered the possibility of such a defense but,

- 6 -

given Dr. Jain's findings and the Commonwealth's plea offer of third-degree murder, did not believe that seeking a guilty-but-mentally-ill finding was the best strategy; and (3) with regard to Appellant's claim that trial counsel was ineffective for failing to advise him of his prior record score and the applicable sentencing ranges prior to the entry of his plea, Appellant failed to establish that trial counsel lacked an objectively reasonable basis, because (a) Attorney Everett testified that she discussed the possible range of sentences with Appellant at the time of his plea, and (b) Appellant never told trial counsel that he wished to withdraw his plea after learning his prior record score and the applicable standard range of the sentencing guidelines).

Accordingly, having discerned no error of law, we affirm on the basis of the PCRA court's opinion. **See Medina**, 2019 PA Super 119, *8. The parties are instructed to attach the opinion of the PCRA court in any filings referencing this Court's decision.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2019

- 7 -

DA
J. Westrick, Esquire

IN THE COURT OF COMMON PLEAS OF INDIANA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| | : | |
| | : | CRIMINAL DIVISION |
| vs. | : | |
| | : | NO. 1059 CRIM 2016 |
| | : | |
| DAVID ALLEN YINGLING, | : | |
| Petitioner. | : | |

## OPINION AND ORDER OF COURT

Bianco, J.

This matter comes before the Court on the Amended Petition Under Post-Conviction Collateral Relief Act (hereinafter the "Amended PCRA Petition") filed on behalf of Petitioner, David Allen Yingling. For the reasons stated herein, the Amended PCRA Petition is DENIED.

## FACTS

Petitioner was charged with a violation of 18 Pa.C.S.A. §2501(a), Criminal Homicide. At all times relevant to the allegations contained in the PCRA

2018 SEP 19 AM 10: 15
CLERK OF COURTS
PROTHONOTARY AND
INDIANA COUNTY

1

21

S

Petition, Petitioner was represented by Donald L. McKee, Esquire, and AnnMarie Everett, Esquire.[1]

On January 13, 2017, Petitioner entered a plea of guilty to Count 2, as amended, Murder of the Third Degree, 18 Pa.C.S.A. §2502(c), a felony of the first degree. The Commonwealth of Pennsylvania moved for the Nol Pros of Count 1, Criminal Homicide. At the time of the entry of the guilty plea, the Court engaged Petitioner in an oral guilty plea colloquy. During the oral colloquy, the Court reviewed the written colloquy entitled "Guilty Plea, Explanation of Defendant's Rights," previously completed and executed by Petitioner. This form contains nine (9) pages. Petitioner's initials appear on pages 2 through 9, and Petitioner's signature appears on page 9. The signatures of Attorney McKee and Attorney Everett also appear on page 9. The written colloquy is dated January 11, 2017. At the PCRA hearing, the written colloquy was introduced as Commonwealth's Exhibit 1, and the transcript of the Plea Hearing was introduced as Defendant's Exhibit 1. In response to the questions presented in the colloquies, both written and oral, Petitioner

---

[1] A review of the transcript from the Magisterial District Court reveals that Petitioner was represented by Donald L. McKee, Esquire, AnnMarie Everett, Esq., and Aaron F. Ludwig, Esquire, during the early stages of this matter.

2

responded with appropriate answers, and in a manner consistent with a knowing and voluntary plea.

Petitioner was sentenced by the Court on April 3, 2017. Petitioner was ordered to pay the cost of prosecution of $1,470.50, pay a fine in the amount of $500, and undergo incarceration at a State Correctional Institution for a period of not less than 17 ½ years nor more than 35 years. Petitioner did not file a post-sentencing motion, nor did Petitioner file an appeal to the Superior Court of Pennsylvania.

On March 26, 2018, Petitioner filed a Motion for Post Conviction Relief with the Clerk of Court of Indiana County, Pennsylvania. By Order of Court dated April 2, 2018, the Court appointed Jennifer Westrick, Esquire, to represent Petitioner. Attorney Westrick filed the Amended Petition Under Post-Conviction Collateral Relief Act at issue on June 22, 2018. In the Amended PCRA Petition, Petitioner appears to raise two issues: "Ineffective Assistance of Counsel – Plea," and "Ineffective Assistance of Counsel – Prior Record Score."

This Court conducted a hearing to address the Amended PCRA Petition on August 27, 2018. During the course of the hearing, the Court heard testimony

3

from Petitioner, Attorney Donald McKee, and Attorney AnnMarie Everett. This matter is ripe for decision.

## APPLICABLE LAW

The relevant portions of the Post Conviction Relief Act are set forth below; Petitioner must prove each by a preponderance of the evidence:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

...

(2) That the conviction or sentence resulted from one or more of the following:

...

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

...

(3) That the allegation of error has not been previously litigated or waived.

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal

4

could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S.A. § 9543.

" 'Counsel is presumed effective, and [Petitioner] bears the burden of proving otherwise.' " Commonwealth v. Fears, 86 A.3d 795, 803–804 (Pa. 2014), *quoting* Commonwealth v. Steele, 961 A.2d 786, 796 (Pa. 2008)(additional citation omitted). "To prevail on an ineffectiveness claim, [Petitioner] must establish: '(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [Petitioner] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.' " Id., *quoting* Commonwealth v. Lesko, 15 A.3d 345, 373 (Pa. 2011)(additional citation omitted). "Failure to prove any prong of this test will defeat an ineffectiveness claim." Id., *citing* Commonwealth v. Basemore, 560 Pa. 258, 744 A.2d 171, 738 (2000).

In this case, Petitioner alleges that his counsel was ineffective regarding the entrance of his plea. " 'Allegations of ineffectiveness in connection with the

5

entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.' " Commonwealth v. Barndt, 74 A.3d 185, 192 (Pa.Super. 2013), *quoting* Commonwealth v. Wah, 42 A.3d 335, 338–39 (Pa.Super. 2012).

## DISCUSSION

To begin, the Court recognizes that Petitioner is eligible for relief under 42 Pa.C.S.A. §9543(a) in that Petitioner was convicted of a crime and is currently serving a sentence of imprisonment for the crime.

As stated above, the Amended PCRA Petition sets forth two issues separately identified as "Ineffective Assistance of Counsel – Plea" and "Ineffective Assistance of Counsel – Prior Record Score." However, the Court believes that the Amended PCRA Petition actually contains four separate claims of ineffective assistance of counsel. The Court believes it is important to specifically identify all issues raised for the Court's consideration.

6

First, Petitioner asserts that counsel was ineffective for failing to investigate Petitioner's mental state at the time of the crime. Second, Petitioner asserts that counsel was ineffective for failing to investigate Petitioner's mental health state at the time of the plea. Third, Petitioner asserts that counsel was ineffective for failing to pursue a guilty but mentally ill defense or plea. Finally, Petitioner alleges that counsel was ineffective for failing to advise Petitioner of his prior record score and the appropriate sentencing guideline range prior to the entry of his plea. The Court will discuss the merits of each of the Petitioner's claims individually.

With regard to Petitioner's claim that counsel was ineffective in failing to investigate Petitioner's mental health at the time of the crime, Petitioner has failed to establish that the underlying claim has arguable merit. Prior to the commencement of any critical stage of the criminal proceedings, a Competency Evaluation of Petitioner was completed by Abhishek Jain, MD, of the Pennsylvania Department of Human Services. Dr. Jain interviewed Petitioner on June 9, 2016, and submitted a written report on July 7, 2016. The written report was admitted into evidence at the PCRA hearing as Commonwealth's

7

Exhibit 2. In the report, Dr. Jain states that "Mr. Yingling provided a detailed, coherent, rational, and non-psychotic account of the alleged events leading to his charge." Evaluation at 4. Dr. Jain quotes Petitioner as having stated "I had the mind to cut him up and get rid of him so I wouldn't get caught, but I couldn't." Id.

Consequently, the Court finds that the Competency Evaluation sufficiently addresses Petitioner's state of mind at the time of the crime, and a request for a further evaluation was not warranted. Therefore, this ineffective assistance claim fails because the underlying claim lacks merit. In any event, given the findings and conclusions of Dr. Jain, a reasonable basis existed for Attorney McKee and Attorney Everett to rely on that evaluation and not request that a separate evaluation be conducted as to Petitioner's mental health at the time of the crime. Therefore, even if the underlying claim had merit, Petitioner's argument fails because counsel had a reasonable basis for the decision not to request an additional evaluation.

Next, the Court addresses Petitioner's claim that counsel was ineffective for failing to investigate Petitioner's mental health or competency at the time of

8

the plea. Once again, the Court looks to Competency Evaluation conducted by Dr. Jain. In the written report, Dr. Jain concludes as follows: "It is my opinion, with a reasonable degree of medical certainty, that although Mr. Yingling has a likely diagnosis of Unspecified Schizophrenia Spectrum and Other Psychotic Disorder stemming from a history of auditory hallucinations, these symptoms are not likely to interfere with his present ability to understand the nature and object of the proceedings against him, or to participate and assist in his defense. Thus, it is my opinion that he is presently competent to stand trial." Evaluation at 11. Given this timely and definite opinion, the Court finds that Petitioner's underlying claim lacks merit. At the very least, counsel had a reasonable basis for not requesting another evaluation or questioning Petitioner's competency to understand and enter the plea.

Next, the Court addresses Petitioner's claim that counsel was ineffective for failing to pursue a Guilty but Mentally Ill verdict or plea. Section 314 of the Pennsylvania Crimes Code provides in pertinent part as follows:

> A person who timely offers a defense of insanity in accordance with the Rules of Criminal Procedure may be found "guilty but mentally ill" at trial if the trier of facts finds, beyond a reasonable doubt, that the person is

9

guilty of an offense, was mentally ill at the time of the commission of the offense and was not legally insane at the time of the commission of the offense.

18 Pa.C.S.A. § 314(a). Furthermore, 18 Pa.C.S.A. § 314(c) defines mentally ill as "[o]ne who as a result of mental disease or defect, lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law."

During the PCRA hearing, Attorney McKee and Attorney Everett testified that they considered the possibility of such a defense, however, given the findings and conclusions of Dr. Jain, as set forth in the written Competency Evaluation, and the plea offer of Third Degree Murder, they did not believe that seeking a guilty but mentally ill finding was the best strategy. In regards to trial strategy, "a claim of ineffectiveness will not succeed by comparing, in hindsight, the trial strategy trial counsel actually employed with the alternatives foregone." Commonwealth v. Miller, 987 A.2d 638, 653 (Pa. 2009), *citing* Commonwealth v. Puksar, 597 Pa. 240, 951 A.2d 267, 277 (2008). Additionally, in examining effectiveness of trial strategy, " 'the balance tips in favor of a finding of effective assistance as soon as it is determined that trial

10

counsel's decision had any reasonable basis.' " Id., *quoting* Commonwealth v. Cooper, 515 Pa. 153, 527 A.2d 973, 975 (1987)(additional quotation omitted). Once again, the Court finds that Petitioner's underlying claim has no merit, and at the very least, counsel had a reasonable basis for not pursuing a guilty but mentally ill finding.

Finally, the Court addresses Petitioner's claim that counsel was ineffective for failing to advise Petitioner of his Prior Record Score and the applicable sentencing ranges prior to the entry of the guilty plea. This argument is without merit.

During the PCRA hearing, Attorney Everett testified that although she was unaware of Petitioner's Prior Record Score at the time of the plea, she did discuss with Petitioner the possible ranges of sentences. Further, Attorney Everett testified after she reviewed the Pre-Sentence Investigation report, she discussed with Petitioner his Prior Record Score and the applicable sentencing ranges given the Offense Gravity Score of the current offense. Subsequent to that conversation, Petitioner never informed counsel that he wished to withdraw his plea. The Court notes that Petitioner never indicated to the Court that he

11

wished to withdraw his plea. The Court also notes that the plea colloquies do not reference a Prior Record Score, a sentencing range, or a specific sentence bargain or recommendation. Petitioner's claim must fail because there was a reasonable basis for the attorneys' actions in continuing with the plea because Petitioner did not state that he wished to withdraw his plea after becoming aware of his Prior Record Score and applicable standard range of the sentencing guidelines.

WHEREFORE, the Court enters the following Order.

IN THE COURT OF COMMON PLEAS OF INDIANA COUNTY,
PENNSYLVANIA

COMMONWEALTH OF
PENNSYLVANIA,

vs.

DAVID ALLEN YINGLING,
   Petitioner.

:
:
:    CRIMINAL DIVISION
:
:    NO. 1059 CRIM 2016
:
:
:
:

ORDER OF COURT

AND NOW this 19th day of September, 2018, this matter having

come before the Court on the Amended Petition Under Post-

Conviction Collateral Relief Act filed on behalf of Petitioner, and the

Court having held a hearing thereon, it is hereby ORDERED,

ADJUDGED, and DECREED that said Amended Petition Under Post-

Conviction Collateral Relief Act is DENIED, consistent with the attached

Opinion.

BY THE COURT:

_____
Thomas M. Bianco, Judge

2018 SEP 19 AM 10: 15

CLERK OF COURTS
PROTHONOTARY AND
INDIANA COUNTY

22