J-S05008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RAYMOND FRANKLIN PEAKE, III | : | |
| Appellant | : | No. 1431 MDA 2019 |

Appeal from the PCRA Order Entered August 13, 2019
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002579-2010

BEFORE: SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED MAY 21, 2020**

Appellant, Raymond Franklin Peake, III, appeals *pro se* from the order entered in the Cumberland County Court of Common Pleas dismissing his third petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546, as untimely. We remand the matter for the PCRA court to correct the docket and complete the certified record on appeal.

On August 16, 2012, Appellant entered a negotiated plea of *nolo contendere* to second degree murder and theft by unlawful taking related to the shooting death of Todd Getgen at a rifle range.[1] Pursuant to the plea

---

[1] 18 Pa.C.S. § 2502(b) and 18 Pa.C.S. §3921(b), respectively.

negotiations, the trial court sentenced Appellant to life imprisonment without the possibility of parole. Appellant did not file a direct appeal.

Appellant timely filed his first PCRA Petition on August 19, 2013, raising several claims of ineffective assistance of counsel. The PCRA court denied the petition as meritless on November 26, 2013, and this Court affirmed the denial on June 24, 2014. *Commonwealth v. Peake,* 105 A.3d 44, 2198 MDA 2013 (Pa. Super. filed June 24, 2014) (unpublished memorandum). Appellant did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

Appellant filed a second PCRA Petition on July 6, 2015. The PCRA court dismissed this second petition as untimely on August 12, 2015. On May 5, 2016, we affirmed the denial of the second PCRA petition. *Commonwealth v. Peake*, 151 A.3d 1136, 1581 MDA 2015 (Pa. Super. filed May 5, 2016) (unpublished memorandum). Appellant's petition for allowance of appeal was denied by the Pennsylvania Supreme Court on November 8, 2016. *Commonwealth v. Peake*, 160 A.3d 790, 454 MAL 2016 (Pa. 2016).

Appellant filed his third petition for PCRA relief on July 18, 2019, alleging ineffective assistance of plea counsel for failing to file a direct appeal on his behalf, and ineffective assistance of PCRA counsel for failing to raise plea counsel's ineffectiveness. On August 13, 2019, the PCRA court informed Appellant of the court's intention to dismiss his petition because it was untimely, the issues had been waived and previously litigated, and Appellant

failed to demonstrate that a miscarriage of justice occurred. Order, 8/13/19, at unnumbered 1.

Appellant filed a notice of appeal from the order giving notice on September 4, 2019. On October 7, 2019, this Court issued a Rule to Show Cause directing Appellant "to show cause, within ten days of the date of this order, as to why the instant appeal should not be quashed as interlocutory. Failure to respond to this directive may result in quashal of this appeal without further notice." Rule to Show Cause, 10/7/19, at unnumbered 1. When Appellant failed to respond, this Court, on November 8, 2019, filed an order discharging the rule to show cause and referring the issue to the merits panel to be assigned to this case. Order, 11/8/19, at unnumbered 1.

On September 30, 2019, Appellant filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, raising two issues: 1) the PCRA court erred when it failed to review the merits if his ineffective assistance of counsel claim; and 2) the exception sanctioned by 42 Pa.C.S. § 9545(b)(1), excused the untimeliness of his petition. Appellant's Pa.R.A.P. 1925(b) statement, 9/30/19, at 1–2. The next and final entry on the PCRA docket was an October 28, 2019 memo from the Clerk of Court of Cumberland County to the attorneys of record listing the record documents that had been sent electronically to this Court. Memo, 10/28/19, at unnumbered 1. Notably missing from both the docket and the record certified on appeal was a PCRA

court order denying Appellant's third PCRA petition and a Pa.R.A.P. 1925(a)

opinion or statement in lieu of an opinion.[2]

Appellant raises one issue for appellate review:

The court below erred in failing to relax the procedural bar rule to address petitioner['s]  third PCRA petition of ineffective assistance of counsel claims against his first PCR[A] counsel for failing to addres[s] trial counsel['s] ineffective assistance for failing to file a direct appeal on behalf of petitioner[.  P]etitioner also requested PCRA counsel to amend [ ] his PCRA petition to include trial counsel ineffective assistance for failing to file a notice of appeal on petitioner['s] behalf but PCRA counsel refused to obey petitioner['s] request.

Appellant's Brief at (i) (full capitalization omitted).

"Our standard of review of a PCRA court's dismissal of a PCRA petition

is limited to examining whether the PCRA court's determination is supported

by the evidence of record and free of legal error."  ***Commonwealth v. Root***,

179 A.3d 511, 515–516 (Pa. Super. 2018) (citation omitted).  Before

addressing the merits of Appellant's claims, however, we must first determine

whether we have the authority to entertain this appeal.

Under Pa.R.A.P. 301(a)(1), "no order of a court shall be appealable until

it has been entered upon the appropriate docket in the lower court."  Herein,

the Rule 301 prerequisites have not been met because the appealable order,

---

[2]  Appellant attached the PCRA court's Statement in Lieu of an Opinion to his brief, wherein the PCRA court indicated that the denial of [Appellant's] third PCRA matter was finalized on October 31, 2019.  Appellant's Brief at Exhibits 30–34.  We reference this *dehors* the record document only to explain the procedural background of our decision to remand the matter to correct the docket and complete the record.

the October 31, 2019 order denying the PCRA petition, does not appear on the docket. Additionally, the certified record on appeal suffers from a similar deficiency in that it does not include the October 31, 2019 order dismissing Appellant's third PCRA petition or a 1925(a) PCRA court opinion or statement in lieu thereof.

Accordingly, because there is no appealable order in this case apparent from the docket, the case is remanded for the PCRA court to enter a final order denying Appellant's third PCRA petition on the docket. Furthermore, as the record certified to us on appeal is incomplete, the PCRA court is also directed to supplement the record within thirty days of the filing of this Memorandum, with the October 31, 2019 order dismissing Appellant's third PCRA petition and the PCRA court's November 13, 2019 Statement in Lieu of Opinion, as well as any other relevant document that may have subsequently been filed in this matter.

Case remanded for proceedings consistent with this Memorandum. Panel jurisdiction retained.