J-S12027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RALPH E. SMITH | : | |
| | : | |
| Appellant | : | No. 1714 MDA 2018 |

Appeal from the PCRA Order Entered September 27, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000647-2000

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RALPH E. SMITH | : | |
| | : | |
| Appellant | : | No. 1715 MDA 2018 |

Appeal from the PCRA Order Entered September 27, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000648-2000

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RALPH EUGENE SMITH | : | |
| | : | |
| Appellant | : | No. 1716 MDA 2018 |

Appeal from the PCRA Order Entered September 27, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0005821-2013

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

J-S12027-19

MEMORANDUM BY DUBOW, J.:                    **FILED: MAY 3, 2019**

Appellant, Ralph Eugene Smith, appeals from the September 27, 2018 Order entered in the Lancaster County Court of Common Pleas dismissing Appellant's Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. After careful review, we affirm.

The facts and procedural history are, briefly, as follows. On August 14, 2001, Appellant entered negotiated guilty pleas at two separate docket numbers[1] to one count each of Involuntary Deviate Sexual Intercourse, Indecent Assault, Aggravated Indecent Assault, and Corruption of Minors.[2] Pursuant to the plea agreement, the trial court imposed an aggregate sentence of time served to 23 months' incarceration, followed by a term of 8 years' probation. As a result of his guilty pleas, Appellant was required to comply with the registration requirements of Pennsylvania's version of Megan's Law.[3]

---

[1] Docket Number 647-2000 and Docket Number 648-2000.

[2] 18 Pa.C.S. §§ 3123(a)(7); 3126(a)(8); 3125(a)(8); and 6301(a)(1), respectively.

[3] Pursuant to Megan's Law II, Appellant's Aggravated Indecent Assault conviction required him to register as a sex offender for his lifetime. On December 20, 2012, the legislature enacted the Sexual Offender Notification and Registration Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.42. SORNA repealed Megan's Law II and III, and applied to Appellant retroactively pursuant to Section 9799.13.

- 2 -

On September 6, 2013, Appellant violated his probation by failing to report to his probation officer. When police ultimately located Appellant on October 17, 2013, the Commonwealth charged him at Docket Number 5821-2013 with Failure to Register with the Pennsylvania State Police ("Failure to Register").[4]

On January 2, 2014, Appellant stipulated to the facts underlying the technical violation of probation ("VOP") for his failure to report to his probation officer. The VOP court revoked Appellant's probation and ordered a Pre-Sentence Investigation ("PSI") Report.

On June 11, 2014, the trial court imposed the VOP sentence of four to eight years' incarceration with credit for time served.

During the same proceeding on June 11, 2014, Appellant entered a negotiated plea of guilty to one count of Failure to Register with the Pennsylvania State Police. The trial court imposed the negotiated sentence of two and one-half to five years' imprisonment, to run concurrently with the VOP sentence.[5]

---

[4] 18 Pa.C.S. § 4915.1(a)(1).

[5] The trial court subsequently vacated the VOP sentence to correct a credit miscalculation and resentenced Appellant on June 23, 2014, to a term of three and one-half to seven years' incarceration. This Court affirmed that sentence on August 25, 2015, and Appellant did not seek review with the Pennsylvania Supreme Court. *See Commonwealth v. Smith*, No. 1229 MDA 2014 (Pa. Super. filed Aug. 25, 2015) (unpublished memorandum). Appellant's VOP Judgment of Sentence, thus, became final on September 24, 2015. *See* 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the

Appellant did not file a Post-Sentence Motion or a direct appeal from his Failure to Register sentence. Accordingly, Appellant's Judgment of Sentence for this conviction became final on July 11, 2014. **See** 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); U.S. Sup. Ct. R. 13.

On November 17, 2017, Appellant filed *pro se* a PCRA Petition at Docket Number 5821-2013. In the Petition, he alleged that, pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017),[6] he is serving an illegal sentence for his Failure to Register conviction. PCRA Petition, 11/17/17, at 2-3 (unpaginated).

The PCRA court appointed counsel, who, on February 23, 2018, filed an Amended Petition and/or Petition for *Writ* of *Habeas Corpus* developing

---

United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); U.S. Sup. Ct. R. 13.

[6] In **Muniz**, decided on July 19, 2017, the Pennsylvania Supreme Court determined that retroactive application of SORNA's registration requirements violates the *ex post facto* clause of the Pennsylvania Constitution. Thus, the Court declared SORNA unconstitutional when applied to defendants who were convicted of crimes committed before SORNA's December 20, 2012 effective date. In response, the Legislature recently amended SORNA with by H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018 ("Act 10").

Appellant's illegal sentence claim.[7]  In particular, Appellant claimed that: (1) the retroactive requirement that he comply with SORNA is unconstitutional; and (2) his Failure to Register conviction should be vacated as it was illegal to compel him to comply with SORNA's registration requirements.  Amended Petition, 2/23/18, at ¶¶ 23-25.[8]

On April 4, 2018, the Commonwealth filed a Response to the Petition. On August 24, 2018, the PCRA court notified Appellant of its intent to dismiss Appellant's Petition without a hearing pursuant to Pa.R.Crim.P. 907.  Appellant did not file a Response to the court's Rule 907 Notice.  On September 27, 2018, the PCRA court dismissed Appellant's Petition as untimely.  This appeal followed.[9]

Appellant raises the following two issues on appeal:

1. Did the PCRA court err when it dismissed [Appellant's] Amended PCRA Petition without a hearing, because the PCRA court found that it did not have jurisdiction to entertain the merits of the PCRA due to timeliness, despite [Appellant] serving an unconstitutional sentence for [F]ailure to [R]egister, and despite the Commonwealth conceding relief?

2. Did the PCRA court err when it found that Act 10 of 2018 remedied the registration requirements[,] which had been found unconstitutional under SORNA.

_____

[7] Counsel filed the Amended Petition at Docket Number 5821-2013, as well as at the docket numbers associated with Appellant's VOP sentence, Docket Numbers 647-2000 and 648-2000.

[8] Appellant also raised a claim of ineffective assistance of plea counsel. Amended Petition at ¶ 29.

[9] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement.

Appellant's Brief at 4.

In his first issue, Appellant challenges the application of SORNA's registration requirements as unconstitutional after **Muniz**. Appellant's Brief at 8-10. Appellant concedes that he untimely filed his PCRA Petition, but argues that he is entitled to relief in the interest of "justice and fairness." **Id.** at 9.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." **Commonwealth v. Root**, 179 A.3d 511, 515-16 (Pa. Super. 2018) (citation omitted). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order to obtain relief under the PCRA, a petition must be timely filed. **See** 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S § 9545(b)(1). The PCRA, however, provides exceptions to the timeliness requirement in certain circumstances. 42 Pa.C.S. §9545(b)(1)(i)-(iii). In addition to establishing the elements of a timeliness exception, a petitioner

must also establish that he filed his PCRA Petition within 60 days of the date he could have presented his claim. 42 Pa.C.S. § 9545(b)(2).[10]

As noted above, the Judgment of Sentence for the Failure to Register conviction became final on July 11, 2014. Appellant's VOP Judgment of Sentence became final on September 24, 2015. Accordingly, Appellant's Petition filed on November 17, 2017, at least two years after the Judgments of Sentence became final, is facially untimely.

Although Appellant concedes his Petition is untimely, he has not explicitly invoked a timeliness exception. However, we construe Appellant's reliance on *Muniz* as an implicit invocation of the exception set forth at Section 9545(b)(1)(iii), *i.e.*, "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section as has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

Our Supreme Court decided *Muniz* on July 17, 2017. Appellant filed his PCRA petition four months later, on November 17, 2017, well beyond the 60-day filing requirement set forth in Section 9545(b)(2).

Moreover, even if Appellant had filed this Petition within 60 days of the Supreme Court's decision in *Muniz*, Appellant would still not be entitled to relief. Section 9545(b)(1)(iii) requires that a petitioner seeking relief under

---

[10] Effective December 24, 2018, Section 9545(b)(2) now provides that, for claims arising on December 24, 2017, or after, "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented."

this exception must demonstrate that the Pennsylvania Supreme Court has held that the holding in **Muniz** applies retroactively. Because our Supreme Court has issued no such holding, even if timely raised, Appellant would be unable to rely at this time on **Muniz** to meet that timeliness exception.[11] **Commonwealth v. Murphy**, 180 A.3d 402, 405-06 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018).

Because Appellant did not file a timely PCRA Petition and Appellant has failed to plead and prove the applicability of any of the PCRA's timeliness exceptions, this Court, like the trial court, is without jurisdiction to review the merits of the issues raised. The record supports the PCRA court's findings and its Order is free of legal error. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2019

---

[11] In light of this disposition, we need not address Appellant's remaining issue on appeal.