J-S81028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON GARDNER | : | |
| | : | |
| Appellant | : | No. 889 MDA 2018 |

Appeal from the PCRA Order Entered May 25, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000410-2013

BEFORE:   STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED MAY 16, 2019**

Appellant, Jason Gardner, appeals from the May 25, 2018 Order entered in the Lycoming County Court of Common Pleas dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On September 19, 2014, a jury convicted Appellant of Second-Degree Murder, Robbery, Conspiracy to Commit Robbery, and Flight to Avoid Apprehension, Trial, or Punishment in connection with the January 9, 2013 murder of Terrell Henderson-Littles in Williamsport, Lycoming County.[1]  That same day, the court sentenced Appellant to life imprisonment without the possibility of parole.   After the denial of his Post-Sentence Motion, Appellant timely

_____

[1] 18 Pa.C.S. §§ 2502(b); 3701(a)(1)(ii); 903(a); and 5126(a), respectively.

_____

*   Former Justice specially assigned to the Superior Court.

appealed. This Court affirmed Appellant's Judgment of Sentence and the Pennsylvania Supreme Court subsequently denied allocatur on September 19, 2016. *See Commonwealth v. Gardner*, 145 A.3d 777 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 158 A.3d 66 (Pa. 2016).

Appellant timely filed *pro se* the instant PCRA Petition, his first, claiming, *inter alia*, that his trial counsel had been ineffective for failing to request a cautionary instruction when the Commonwealth used a visual video aid during closing argument that it had not previously shown to the court or to Appellant's counsel.[2] Petition, filed 3/30/17, at 4. The PCRA court appointed counsel, who, filed an Amended PCRA Petition, reiterating and developing Appellant's ineffective assistance of counsel claim. *See* Amended PCRA Petition, 11/13/17, at ¶ 20.

On April 30, 2018, the PCRA court filed a Notice pursuant to Pa.R.Crim.P. 907 informing Appellant of its intent to dismiss his petition without a hearing. Appellant did not file a Response to the court's Rule 907 Notice. On May 25, 2018, the PCRA court dismissed Appellant's Petition as meritless.

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Whether the trial court erred in denying [Appellant's] Amended [PCRA] Petition when trial counsel was ineffective for failing to request a cautionary instruction be provided to the jury after the

---

[2] In his direct appeal, Appellant challenged, *inter alia*, the trial court's ruling permitting the Commonwealth to use a visual aid during its closing argument.

Commonwealth used demonstrative evidence in the form of a visual aid created by the police?

Appellant's Brief at 6.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." *Commonwealth v. Root*, 179 A.3d 511, 515-16 (Pa. Super. 2018) (citation omitted). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

With respect to ineffective assistance of counsel claims, the law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on Appellant." *Id.* To satisfy this burden, Appellant "must plead and prove by a preponderance of the evidence that[:] (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). A petitioner must prove all three factors, or the claim fails. *See Commonwealth v. Gibson*, 951 A.2d 1110, 1128 (Pa. 2008) ("If it is clear that Appellant has not met the prejudice prong of the ineffectiveness standard, the claim may be dismissed on that basis alone and

the court need not first determine whether the first and second prongs have been met." (citation omitted)).

Our review of Appellant's Brief indicates that he has failed to plead and prove that he suffered any prejudice by his counsel's decision not to seek a cautionary instruction. Appellant's argument on this point consists of a mere conclusory statement that trial counsel "did not have a reasonable trial strategy and, as such Appellant suffered prejudice[.]" Appellant's Brief at 16-17. This bald allegation, without more, does not satisfy the prejudice prong of the ineffectiveness standard. Thus, we need not determine whether Appellant met the first and second prongs of the ineffectiveness standard.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/16/2019