J-S34004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CAMERON PHILLIP REIHNER | : | |
| | : | |
| Appellant | : | No. 700 WDA 2018 |

Appeal from the PCRA Order April 19, 2018
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0002613-2012

BEFORE: DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 01, 2019**

Appellant, Cameron Phillip Reihner, appeals from the April 19, 2018 Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, challenging the effectiveness of his trial counsel. After careful review, we affirm.

On direct appeal, we summarized the facts underlying Appellant's convictions as follows:

> [E]arly in the morning on June 23, 2012, [Appellant] and his fellow actors, following a verbal altercation with Johatan Irizzary (hereinafter "Jonathan") and Stephen Irizzary (hereinafter "Stephen") at a Denny's restaurant in West Washington, Canton Township, followed Jonathan and Stephen to Jonathan's home in Houston, Pennsylvania. Witnesses identified [Appellant] as being the driver of a silver or gray car, and that another, darker colored car was following that car. [Appellant] and others confronted Jonathan and Stephen in front of the house, and Stephen followed the vehicles on foot around the block. Stephen approached the gray car and was then assaulted by an unknown member of the group with a baseball bat, and while attempting to come to his

_____

* Retired Senior Judge assigned to the Superior Court.

brother's aid, Jonathan was attacked by [Appellant] and other members of the group coming from the direction of the darker car—some (including [Appellant]) also wielding baseball bats. [Appellant] hit Jonathan in the face with the baseball bat. Jonathan began to bleed, and then asked [Appellant] to stop. [Appellant] and the others did not stop, but rather continued to strike Jonathan with baseball bats and kick him when he was on the ground, causing Jonathan to suffer serious injuries, including facial fractures, a fractured ankle, and partial loss of sight. Stephen suffered less severe injuries during his altercation, and refused medical treatment.

***Commonwealth v. Reihner***, No. 1406 WDA 2015, unpublished memorandum at 1 (Pa. Super. filed Sept. 7, 2016).

On January 27, 2013, after a preliminary hearing, the Commonwealth filed a criminal information charging Appellant with multiple criminal offenses regarding both victims. Specifically, with respect to victim Stephen, the Commonwealth charged Appellant with Aggravated Assault, two counts of Simple Assault, and one count of Recklessly Endangering Another Person ("REAP").

On December 18, 2013, Appellant filed an Omnibus Pre-Trial Motion asserting that at the preliminary hearing, a magistrate judge had granted Appellant's Motion to Dismiss all charges where Stephen was the victim. He requested that the trial court likewise dismiss the charges.

On January 10, 2014, after jury selection but before trial, the trial court heard argument on the Motion. The parties reached an agreement and, with respect to victim Stephen, the Commonwealth withdrew the Aggravated Assault and REAP charges and proceeded on two counts of Simple Assault.

On January 15, 2014, following a trial, a jury found Appellant guilty of two counts of Aggravated Assault, four counts of Simple Assault (two counts regarding victim Johnathan and two counts regarding victim Stephen), REAP, Possessing an Instrument of Crime, and Disorderly Conduct.[1]

Following the verdict but prior to sentencing, on January 31, 2014, a new attorney—Michael J. DeRiso, Esq.—entered his appearance on behalf of Appellant. On November 5, 2014, Appellant filed a Memorandum in Support of an Oral Motion for Extraordinary Relief requesting a new trial on the basis that the Commonwealth pursued charges at trial that the magistrate judge had dismissed without refiling the charges in violation of the Pennsylvania Rules of Criminal Procedure. On February 24, 2015, after a hearing, the trial court denied the Motion. Appellant filed a timely Motion for Reconsideration, which the trial court denied.

On March 30, 2015, the trial court sentenced Appellant to an aggregate term of 105 to 210 months' incarceration. Appellant filed a timely Post-Sentence Motion, which the trial court denied on August 19, 2015. Appellant timely appealed and on September 7, 2016, this Court affirmed Appellant's Judgment of Sentence. ***Commonwealth v. Reihner***, 158 A.3d 171 (Pa. Super. 2016) (unpublished memorandum). Appellant did not seek *allocator* in the Supreme Court of Pennsylvania.

---

[1] 18 Pa.C.S. §§ 2702, 2701, 2705, 907(a), and 5503(a)(1), respectively.

On March 7, 2017, Appellant filed a timely *pro se* PCRA Petition. The PCRA court appointed Steven Toprani, Esq., as PCRA counsel. On June 15, 2017, Attorney Toprani filed an Amended PCRA Petition, asserting ineffective assistance of trial counsel. Specifically, the Amended PCRA Petition averred that trial counsel was ineffective for: 1) failing to have the trial court rule on the pending Omnibus Pre-Trial Motion; 2) entering into an agreement with the Commonwealth to "amend" the filed criminal information at trial without consulting Appellant; 3) failing to seek a continuance of the trial in order to properly prepare a defense for the "amended" charges; 4) failing to properly and timely object to the trial court's jury charge concerning an accomplice liability instruction; 5) failing to seek removal of Juror 11; 6) not properly or timely objecting to questioning by the trial court of a particular witness; 7) failing to cross-examine victim Stephen as to his credibility and his motive to testify falsely; and 8) failing to be present in the courtroom when the trial court addressed and resolved jury questions. Amended PCRA Petition, 6/15/17, at ¶ 10. On March 21, 2018, PCRA court filed a Notice pursuant to Pa.R.Crim.P. 907 informing Appellant of its intent to dismiss his Petition without a hearing. Appellant did not file a Response to the court's Rule 907 Notice. On April 19, 2018, the PCRA court dismissed Appellant's Petition as meritless.

Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal: "Whether the trial court erred as a matter of law when it denied [Appellant]'s [PCRA Petition] without a hearing?" Appellant's Br. at 4.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." *Commonwealth v. Root*, 179 A.3d 511, 515-16 (Pa. Super. 2018) (citation omitted). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

A PCRA petitioner is not automatically entitled to an evidentiary hearing. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). "[I]f the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Id.* (citation omitted). "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). When the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying

relief without conducting an evidentiary hearing." ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1240 (Pa. Super. 2004) (citation omitted).

Appellant contends that trial counsel was ineffective. We presume counsel is effective. ***Commonwealth v. Cox***, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. ***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). A claim will be denied if the petitioner fails to meet any one of these prongs. ***Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa. Super. 2016).

In his first two averments, Appellant claims that trial counsel was ineffective for failing to ask the trial court to rule on his pending Omnibus Pre-Trial Motion that requested to have all of the charges pertaining to victim Stephen dismissed, and, instead, entered into an agreement with the Commonwealth to "amend" the information and dismiss two of the four charges without Appellant's knowledge or consent. Amended PCRA Pet. at ¶ 10(a), (b). Appellant claims that the jury convicted him of charges that he should not have faced and that trial counsel was ineffective for not having all

of the charges pertaining to victim Stephen dismissed. Appellant's Br. at 21, 32.

The PCRA court made a finding that "trial counsel's actions were reasonably designed to advance the interest of his client." PCRA Ct. Op., filed 10/3/18, at 12. The court opined:

> [Trial counsel]'s motion succeeded in having the more serious charge[] withdrawn from the case, [A]ggravated [A]ssault, and his decision to accept the Commonwealth's resolution of his motion does not render his assistance ineffective. Moreover, there is no guarantee that the simple assault charges would have been dismissed had [trial counsel] made any additional argument. Furthermore, the simple assault charges were properly a part of the case under the theory of accomplice liability.
>
> * * *
>
> [Trial counsel] did not actually consent to amending the charges without consulting with his client, rather the criminal information contained the charges as docketed by the magisterial district judge. [Trial counsel]'s objection to the criminal information resulted in removal of the more serious felony charges naming Stephen [] as a victim. Consultation with his client would have accomplished nothing more. . . The record reflects that there was no amendment to the criminal information, nevertheless had an amendment been necessary, it was permissible under the [Rules of Criminal Procedure].

PCRA Ct. Op. at 18.

The PCRA court highlights that trial counsel testified during the hearing on the Motion for Extraordinary Relief. Trial counsel testified that "[t]he court gave a preliminary ruling from the bench[,]" and then allowed counsel to discuss. N.T. Post-Trial Hearing, 12/29/14, at 31. The Commonwealth asked trial counsel if he "pressed" the trial court to decide the Motion rather than

accept the agreement, trial counsel responded: "Well, the Court, in my opinion, had already made the determination that the Motion [] was going to be denied . . . I wasn't satisfied with the resolution, but getting rid of two [charges] is better than getting rid of none." N.T. Post-Trial Hearing, 12/29/14, at 31-32. The record supports the PCRA court's finding that trial counsel had a reasonable basis for his actions and, thus, Appellant failed to meet the second prong of the ineffectiveness test.

Appellant next avers that trial counsel was ineffective for failing to seek a continuance of the trial in order to prepare a proper defense for the "amended charges." Amended PCRA Pet. at ¶ 10(c).

The PCRA court made a finding that Appellant failed to show how he was prejudiced by trial counsel's decision not to seek a continuance after trial counsel reached an agreement regarding the Omnibus Pre-Trial Motion. PCRA Ct. Op. at 20. Specifically, the trial court opined, "there is no evidence presented that shows [trial counsel] was less effective in his representation of [Appellant] because the charges included naming Stephen [] as a victim." *Id.* at 21. We agree.

A review of Appellant's Amended PCRA Petition indicates that he has failed to demonstrate that he suffered any prejudice by his counsel's decision not to seek a continuance. Appellant's argument on this point consists of a footnote where he states that at a post-trial hearing, trial counsel testified

that he was "scrambling" to prepare for trial.[2]  Amended PCRA Pet. at ¶ 10(c) n.2.  This statement, without more, does not satisfy the prejudice prong of the ineffectiveness standard.  Appellant fails to demonstrate, as required, that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different.  As the PCRA court noted, there were no additional facts or evidence that trial counsel had to consider regarding the charges, he was already planning to cross-examine Stephen, and he had three days to prepare.  PCRA Ct. Op. at 11.  Because Appellant failed to plead and prove the prejudice prong of the ineffectiveness test, this claim fails.

Appellant next contends that trial counsel was ineffective for "failing to properly and timely object" to the Court's jury charge concerning an accomplice liability instruction, standard instruction 4.07, addressing the accuracy of identification testimony.  Amended PCRA Pet. at ¶ 10(d).  The PCRA court concluded that this ineffectiveness allegation lacks arguable merit because "the jury instruction which [Appellant] is alleging trial counsel should have objected to was never given to the jury."  PCRA Ct. Op. at 21.  Instead, trial counsel initially requested this jury instruction and then subsequently withdrew the request because it was inapplicable to the facts of the case.  ***See id.*** at 22.  We agree that trial counsel cannot be deemed ineffective for failing

---

[2] We note that later in the hearing, trial counsel apologized for using the word "scrambling" and clarified that his trial strategy simply changed when he learned Stephen was going to testify as a victim.  N.T. Post-Trial Hearing, 12/29/14, at 39.

to object to a jury instruction that was never given to the jury and, thus, the PCRA court did not abuse its discretion when it determined this claim lacked arguable merit.

In Appellant's next claim of ineffective assistance of counsel, he asserts that trial counsel was ineffective for failing to seek removal of Juror 11, who viewed Appellant in custodial transport by the Sheriff. Amended PCRA Pet. at ¶ 10(e).

In this case, upon learning that Juror 11 saw Appellant in custodial transport during the trial, the trial court conducted *voir dire*. Juror 11 explained that she was waiting for her ride outside of the courthouse when she saw Appellant walk out and get into a marked Sheriff's car. N.T. Trial, 1/15/14, at 429. The trial court then asked Juror 11 the following questions:

> Q:  Okay. And that's standard procedure.  My question is does that – did you seeing [Appellant] getting into the car with the sheriff's, did that in any way affect your ability to be fair and impartial in this matter?
>
> A:  No, not at all.
>
> Q:  And the fact that he was escorted by the sheriffs and in their car doesn't change how you will view the testimony that you heard?
>
> A:  No, not at all.
>
> Q:  You will be able to assess that testimony fairly and impartially and without bias to the Defendant?
>
> A:  Yes, Definitely.

***Id.*** at 430. Based on Juror 11's answers, trial counsel did not seek her removal from the jury; Appellant alleges this was ineffective assistance of counsel.

It is well settled that, "[t]he test for determining whether a prospective juror should be disqualified is whether he is willing and able to eliminate the influence of any scruples and render a verdict according to the evidence, and this is to be determined on the basis of answers to questions and demeanor[.]" ***Commonwealth v. Lesko***, 15 A.3d 345, 413 (Pa. 2011) (citation omitted).

The PCRA court opined, "it is clear that, under the test set forth by the Supreme Court, [Juror 11]'s answers to the questions did not meet the threshold of bias and prejudice which would require her removal. It was clear that the juror was not affected in any way by seeing [Appellant] being escorted by the deputies." PCRA Ct. Op. at 23. Because there was no basis for trial counsel to request Juror 11 be removed or object to her retention, the PCRA court found this claim failed for lack of arguable merit. The record supports the PCRA court's finding and we find no abuse of discretion.

Appellant next alleges that counsel was ineffective for objecting to questioning by the trial court of "a particular witness." Amended PCRA Pet. at ¶ 10(f). The PCRA found this claim failed for lack of arguable merit where Appellant failed to specify which witness the trial court improperly questioned or indicate how the questioning by the trial judge was improper. PCRA Ct. Op. at 24. We agree. Because Appellant failed to plead and prove that this claim had arguable merit, Appellant failed to satisfy the ineffectiveness test.

- 11 -

In his seventh claim of ineffective assistance of counsel, Appellant alleges that trial counsel was ineffective for failing to cross-examine Stephen as to his credibility and his motive to testify falsely. Amended PCRA Pet. at ¶ 10(g). In his eighth and final claim of ineffectiveness, Appellant avers that trial counsel was ineffective for failing to be present in the courtroom when the trial court addressed and resolved one jury question during deliberations. *Id.* at ¶ 10(h); Appellant's Br. at 50-51.

For both claims, the PCRA court found that Appellant failed to plead and prove prejudice. *See* PCRA Ct. Op. at 26, 28. The record supports the PCRA court's findings. As Appellant failed to plead and prove the prejudice prong of the ineffectiveness test for both claims, the PCRA court did not abuse its discretion when it dismissed these claims without a hearing.

In conclusion, we have examined each claim of ineffective assistance of counsel raised in the Amended PCRA Petition and have determined that there were no genuine issues of material fact in controversy. Accordingly, the PCRA court did not abuse its discretion when it denied PCRA relief without conducting an evidentiary hearing. *See Khalifah*, 852 A.2d at 1240.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/2019