J-S58043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROBERT MORRIS ANTHONY :
:
Appellant : No. 885 WDA 2019

Appeal from the PCRA Order Entered May 24, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0016531-2002

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:              **FILED NOVEMBER 27, 2019**

Appellant, Robert Morris Anthony, appeals *pro se* from the May 24, 2019 Order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely.  After careful review, we affirm.

We previously set forth the factual history in our Memorandum denying Appellant's pursuit of direct appeal relief.  Briefly stated, Appellant was at the home of Derriah Baker.  Appellant announced that he needed some money, and Baker lured Paul Pusic to her home by asking him to bring over some milk.  Appellant indicated that he would rob Pusic.  Once Pusic arrived in his vehicle, Appellant approached Pusic and the two men began to struggle. During this incident, Appellant fired his gun, hitting Pusic in the torso. Appellant then pulled Pusic from the vehicle and left him to die on the sidewalk.  He then stole Pusic's vehicle and fled the scene.  ***See***

***Commonwealth v. Anthony***, 915 A.2d 138 (Pa. Super. 2006) (unpublished memorandum). Following a non-jury trial before the Honorable Donna Jo McDaniel, the court convicted Appellant of, *inter alia*, second-degree homicide, robbery, and carrying a firearm without a license. He received a sentence of life imprisonment without the possibility of parole.

On December 1, 2006, this Court affirmed Appellant's Judgment of Sentence. ***Id.*** On June 14, 2007, our Supreme Court denied further review. Appellant's Judgment of Sentence, thus, became final on September 12, 2007.[1]

Appellant's previous four PCRA Petitions, all decided by Judge McDaniel, failed to garner relief.[2] Appellant *pro se* filed the instant Petition, his fifth, on March 1, 2019, invoking 42 Pa.C.S. § 9545(b)(1)(ii) to overcome the PCRA's time-bar. Appellant claimed in his Petition that "[s]ince Judge McDaniel was removed [from the bench] for over[-]sentencing criminal defendants on December 13, 2018, [Appellant] believes that his second[-]degree murder conviction should also be overturned because he too was a victim of her over[-]sentencing procedures." Petition, 3/1/19, at 4 (unpaginated). He asserted that, through "numerous acts of [j]udicial [m]isconduct and miscarriages of justice" Judge McDaniel "upgraded his degree of guilt to give him a longer sentence" and denied his appeals with "false facts." ***Id.*** He also asserted that

---

[1] ***See*** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13.

[2] Judge McDaniel retired from the bench and, on January 30, 2019, this case was reassigned to the Honorable Jill E. Rangos.

(1) the police arrested him without a valid arrest warrant; (2) that Judge McDaniel's failure to rule on his pretrial suppression motion violated the Code of Judicial Conduct; and (3) that Judge McDaniel engaged in misconduct with respect to an alleged *Brady*[3] violation. Lastly, Appellant challenges the weight the court gave to the Commonwealth's evidence. *Id.* at 5-7 (unpaginated).

On April 5, 2019, the PCRA court notified Appellant, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss Appellant's Petition as untimely without a hearing. On May 20, 2019, Appellant filed an Objection to the PCRA court's Rule 907 Notice, reasserting his position that his claims satisfied the exception to the PCRA's time bar set forth at 42 Pa.C.S. § 9545(b)(1)(ii). Objection, 5/20/19, at 2-3 (unpaginated).

The PCRA court dismissed Appellant's Petition on May 24, 2019. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following four issues in his *pro se* appeal.

1. Did the [PCRA c]ourt err in denying Appellant's PCRA [p]etition without a hearing since Appellant properly pleaded and proved an exception to the PCRA time bar[?]

2. Did the [PCRA c]ourt err in denying Appellant's PCRA [p]etition when Appellant proved that he argued a *Brady* violation in his first PCRA [p]etition and Administrative Judge Donna Jo McDaniel denied it with false facts, thus committing judicial misconduct[?]

3. Did the [PCRA c]ourt err in denying Appellant's PCRA [p]etition because Judge McDaniel's own opinion and reasoning for

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

finding Appellant guilty of second[-]degree homicide went against the weight of the evidence, thus shocking one's common sense[?]

4. Did the [PCRA c]ourt err in denying Appellant's PCRA [p]etition when Appellant proved that Administrative Judge McDaniel violated the code of Judicial Misconduct by never granting or denying Appellant's motion to suppress illegally obtained evidence against him before his non-jury trial in violation of his due process rights[?]

Appellant's Brief at 1.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." **Commonwealth v. Root**, 179 A.3d 511, 515-16 (Pa. Super. 2018) (citation omitted). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite). In order to obtain relief under the PCRA, a petition must be timely filed. **See** 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. **Id.** at §

9545(b)(1). Appellant's Petition, filed almost twelve years after his Judgment of Sentence became final, is facially untimely.

The PCRA, however, provides exceptions to the timeliness requirement in certain circumstances. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition to establishing the elements of a timeliness exception, a petitioner must also establish that he filed his PCRA Petition within one year of the date he could have presented his claim. 42 Pa.C.S. § 9545(b)(2).

Here, as noted above, Appellant attempts to invoke the exception provided in Section 9545(b)(1)(ii) to overcome the PCRA's time bar. This exception requires Appellant to plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). Our Supreme Court has held that the exception set forth in Section 9545(b)(1)(ii) "does not require any merits analysis of the underlying claim." *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Rather the exception merely requires the petitioner to plead and prove two elements: "1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." *Id.* at 1272 (internal quotation marks omitted) (citing 42 Pa.C.S. § 9545(b)(1)(ii)). "If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." *Id.*

In an effort to satisfy the elements of the "unknown facts" exception, Appellant claims that he became aware of Judge McDaniel "resigning from the

[c]ourt after a series of reprimands from a higher court" when he read about it in a newspaper article. Appellant's Brief at 2. Although Appellant did not specify when he read about Judge McDaniel's alleged resignation, he nonetheless claims that he filed the instant Petition "within the allotted time." *Id.* at 3.

Our review of the record confirms the PCRA court's conclusion that Appellant failed to plead and prove the applicability of Section 9545(b)(1)(ii). First, Appellant alleges that he learned of Judge McDaniel's alleged history of misconduct from reading a newspaper article, but he did not indicate the date of the article. Thus, Appellant did not demonstrate that he acted with due diligence.

Additionally, even if Appellant had established that he acted with due diligence, allegations in a newspaper article, whether true or false, are not evidence. *See Commonwealth v. Castro*, 93 A.3d 818, 825 (Pa. 2014) (holding that a newspaper "article contain[ed] allegations that suggest such evidence may exist, but allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation") and *Commonwealth v. Griffin*, 137 A.3d 605, 610 (Pa. Super. 2016) (holding that "newspaper articles do not meet the definition of 'evidence' because they are merely the reporter's version of facts and are not admissible at trial.").

Because Appellant failed to satisfy this, or any other, exception to the PCRA's time bar, the PCRA court lacked jurisdiction to address the merits of

Appellant's claims.  We are, likewise, without jurisdiction to address the merits of the issues raised.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/27/2019</u>