J-S20011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEWIS SYKES | : | |
| | : | |
| Appellant | : | No. 2339 EDA 2022 |

Appeal from the PCRA Order Entered August 23, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004673-2015,
CP-46-CR-0005667-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEWIS SYKES | : | |
| | : | |
| Appellant | : | No. 2340 EDA 2022 |

Appeal from the PCRA Order Entered August 23, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005667-2015

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 25, 2023**

Appellant, Lewis Sykes, appeals *pro se* from the August 23, 2022 Order

entered at Docket Number 5667-2015 dismissing his petition for relief filed

---

[*] Retired Senior Judge assigned to the Superior Court.

pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely. After careful review, we affirm.[1]

The relevant facts and procedural history are, briefly, as follows. Following a bench trial, on June 6, 2016, the trial court convicted Appellant of three counts of Criminal Trespass and one count each of Attempted Burglary and Criminal Mischief. On September 19, 2016, the court sentenced Appellant to an aggregate sentence of 23 to 56 years of incarceration. Appellant did not file a post-sentence motion or a direct appeal. After reinstatement of his direct appeal rights, however, on July 13, 2018, this Court affirmed Appellant's Judgment of Sentence. *See Commonwealth v. Sykes*, 2018 WL 3405487 (Pa. Super. 2018) (unpublished memorandum). Appellant did not seek further review of his Judgment of Sentence, which, thus, became final on August 13, 2018.[2] *See* Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

On July 2, 2019, Appellant filed a timely first PCRA Petition, asserting claims of ineffective assistance of trial counsel. On November 12, 2019, after

---

[1] As noted, the instant appeal involves the dismissal of Appellant's PCRA Petition at Docket No. 5667-2015. Appellant also filed a notice of appeal at Docket No. 4673-2015, which pertains to his unrelated September 16, 2016 guilty plea to the summary offense of Public Drunkenness. We docketed the appeal of Docket No. 4673-2015 at No. 2339 EDA 2022. On January 17, 2023, this Court consolidated that appeal with the appeal from the dismissal of his PCRA Petition at Docket No. 5667-2015, which we docketed at No. 2340 EDA 2022. Our review of these appeals, however, indicates that Appellant has only raised issues related to the dismissal of his PCRA Petition at Docket No. 5667-2015. We, thus, quash Appellant's appeal at No. 2339 EDA 2022.

[2] August 12, 2018, the thirtieth day after this Court affirmed Appellant's Judgment of Sentence, fell on a Sunday.

holding an evidentiary hearing, the PCRA court dismissed Appellant's first petition. On March 15, 2021, this Court affirmed, and on October 14, 2021, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Sykes*, 251 A.3d 1232 (Pa. Super. 2021) (unpublished memorandum), *appeal denied*, 264 A.3d 753 (Pa. 2021).

On January 12, 2022, Appellant *pro se* filed the instant PCRA petition, his second, raising numerous claims of trial court error and of ineffective assistance of both trial and prior PCRA counsel. On January 20, 2022, the PCRA court appointed counsel. On May 26, 2022, counsel filed a *Turner*/*Finley*[3] "no-merit" letter[4] and a Petition to Withdraw as Counsel, which the PCRA court granted on June 29, 2022.

That same day, the PCRA court issued a notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, concluding that the petition was untimely, and Appellant had not pleaded nor proved any exceptions to the PCRA's one-year jurisdictional time-bar. On August 18, 2022, Appellant filed a *pro se* response to the court's Rule 907 Notice[5] asserting that his petition was timely because he filed it within one

_____

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] Counsel noted that the PCRA court lacked jurisdiction to address the merits of the claims that Appellant wished to assert because the instant PCRA Petition was untimely and none of the PCRA's timeliness exceptions applied. *See* "No Merit" Letter and Memorandum of Law, 5/26/22, at 7.

[5] Appellant had requested, and the court had granted, an extension of time to file his response to the Rule 907 Notice.

year of the Pennsylvania Supreme Court's October 14, 2021 denial of his petition for allowance of appeal from this Court's order affirming the PCRA court's dismissal of his first PCRA petition. **See** Response, 8/18/22, at ¶ 9.

On August 22, 2022, the PCRA court dismissed Appellant's petition as untimely. Appellant filed a timely *pro se* appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Whether PCRA court[-]appointed counsel John F. Walko committed fraud by misrepresentation of material facts?

2. Whether the PCRA court erred in not addressing the merits of [Appellant's] actual innocence claim and the fraud upon the court for the concealment of [Appellant's] innocence?

3. Whether court[-]appointed PCRA counsel Patrick McMenamin fraudulently misrepresented [Appellant] and material facts by filing a **Finley** letter?

Appellant's Brief at iiii (unnecessary capitalization omitted).

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." **Commonwealth v. Root**, 179 A.3d 511, 515-16 (Pa. Super. 2018) (citation omitted). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Paddy**, 15 A.3d 431, 442 (Pa. 2011).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). In fact, no court has jurisdiction to review the merits of the claims raised in an untimely PCRA Petition. *Commonwealth v. Lambert*, 884 A.2d 848, 851 (Pa. 2005).

As noted above, Appellant's Judgment of Sentence became final on August 13, 2018. This Petition, filed more than three years later, on January 12, 2022, is facially untimely. 42 Pa.C.S. § 9545(b)(1). Our courts may review an untimely PCRA petition if the petitioner pleads and proves the applicability of one of the three exceptions to the PCRA's timeliness requirements. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii); *Commonwealth v. Hernandez*, 79 A.3d 649, 652 (Pa. Super. 2013).

Our review of Appellant's Petition reveals that Appellant has not pleaded or proved the applicability of any of the exceptions of the PCRA's time-bar.[6] Accordingly, the PCRA court lacked jurisdiction to address the merits of Appellant's claims.

Because Appellant filed the instant PCRA Petition more than one year after his Judgment of Sentence became final and did not assert any of the exceptions to the PCRA's time bar, this court is, likewise, without jurisdiction to address the merits of the issues raised.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2023

---

[6] We acknowledge that, in his Brief to this Court, Appellant posited that because he had asserted "a convincing actual innocence claim" he was entitled to "invoke the miscarriage of justice exception" to the PCRA's time bar. The PCRA does not explicitly include "miscarriage of justice" as an exception to the PCRA's jurisdictional time-bar. A petitioner must still provide a reason within the PCRA's timeliness exceptions in order to obtain review of an alleged miscarriage of justice.