J-S46013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYLER CHARLES SMITH | : | |
| | : | |
| Appellant | : | No. 605 WDA 2025 |

Appeal from the Judgment of Sentence Entered December 30, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002147-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYLER CHARLES SMITH | : | |
| | : | |
| Appellant | : | No. 608 WDA 2025 |

Appeal from the Judgment of Sentence Entered December 30, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002191-2024

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY BOWES, J.:  **FILED:  March 12, 2026**

Tyler Charles Smith appeals from the judgments of sentence in the above-captioned cases because they were imposed in contravention of his negotiated plea agreement.[1]  Since Appellant has not pursued the proper grounds for relief, we are constrained to affirm.

---

[1] We consolidated the appeals *sua sponte*.

On August 8 and 9, 2024, Appellant obtained gift cards in Erie County from Walmart and Dollar General, respectively, by communicating to the clerk that he was armed. He was charged separately at Dockets 2147-2024 and 2191-2024 for these actions, with one count of robbery for the Walmart incident where he pretended to have a firearm, and multiple theft-related offenses and terroristic threats for the Dollar General episode because he threatened to shoot the cashier if she did not provide the gift cards. At the time he committed those acts, he was on state parole from a 2017 case.

On October 30, 2024, Appellant accepted the Commonwealth's offer to plead guilty to one count of robbery at each docket in exchange for the Commonwealth *nolle prossing* the remaining Dollar General charges and recommending mitigated range sentences to be imposed concurrent to "other dockets." Plea Agreement, 10/30/24. As explained to the trial court by Appellant's attorney, and confirmed by the Commonwealth, "that would be [a] mitigated range sentence, concurrent with all other dockets past and present, and that includes the probation that he was on . . . at the time."[2] N.T. Plea, 10/30/24, at 7. Sentencing was deferred for preparation of a pre-sentence investigation report.

In the interim, Appellant's parole in the 2017 case was revoked and his backtime reimposed. Thereafter, he appeared for sentencing in the instant cases. Defense counsel, for the first time, advised the court that it could not

_____

[2] Although counsel referenced probation, the record indicates that Appellant was on state parole.

- 2 -

impose the sentences as agreed upon because any new term of incarceration had to be run consecutively to, not concurrent with, his parole backtime:[3]

> So, there is one thing I just wanted to briefly bring to the court's attention before we get too far into this. It is my understanding from the plea agreements that part of the agreement that we have at these dockets is that this would be run concurrent to the dockets that he was previously serving, and we do ask that the court allow his sentence to start today.
>
> However, based on some legal authority that I had found, it is just worth pointing out, because I understand there may have been issues that have led to successful [Post Conviction Relief Act ("PCRA") petitions] in the past, that state parole time from a recommitment where you have a convicted state parole violator, the new sentence of incarceration underlying the recommitment does have to run, per the parole code, in consecutive order. And I know he had just had his revocation hearing the other day, so, you know, I think the court may already understand that but we just can't touch that as far as running it consecutive.

N.T. Sentencing, 12/30/24, at 5-6.

Notwithstanding this vastly changed landscape, counsel did not seek to withdraw Appellant's guilty pleas. Instead, he advocated for mitigated ranges sentences, asked that Appellant's sentences begin that day, and ensured that the court imposed the sentences at the dockets *sub judice* concurrent to each other. ***Id***. at 11. Despite the terms of the agreement, the court recognized that running the plea sentences concurrent to his backtime would run afoul of

---

[3] This was an accurate assessment of the applicable law: Where a state parolee gets a new state sentence, he must serve his backtime first before commencement of the new state sentence. Imposition of a new state sentence concurrent with [a] parolee's backtime on the original state sentence is an illegal sentence under [61 Pa.C.S. § 6138]." ***Commonwealth v. Kelley***, 136 A.3d 1007, 1013–14 (Pa.Super. 2016) (cleaned up).

the law. Thus, the court sentenced Appellant to three to six years of incarceration at each count of robbery, concurrent to each other and consecutive to his backtime.

Counsel did not file a post-sentence motion to withdraw Appellant's plea or a direct appeal. Instead, months later, Appellant *pro se* asked for new counsel and reinstatement of his post-sentence and direct appeal rights *nunc pro tunc* because, *inter alia*, counsel had not advised him of the implication of his plea on his prior case. Although the court should have treated this as a PCRA petition and afforded Appellant counsel to develop these claims, it instead simply appointed new counsel and reinstated Appellant's direct appeal rights, but not his post-sentence rights.

With the assistance of new counsel, Appellant timely filed a notice of appeal *nunc pro tunc* and complied with the court's order to tender a concise statement pursuant to Pa.R.A.P. 1925(b). Therein, Appellant alleged alternatively that (1) the parole board was obligated to run his new plea sentences concurrent to his backtime because he averred that the court imposed all three terms concurrently at his sentencing hearing, or (2) he be permitted to withdraw his plea because it was entered pursuant to an agreement that all incarceration terms would be concurrent. The trial court found both issues waived and explained that it properly imposed his plea sentences consecutive to his backtime in accordance with the law. **See** Trial Court Opinion, 8/12/25, at 10-12.

In this Court, counsel has abandoned the request to withdraw Appellant's plea and now assails the sentence imposed by the court. Misconstruing what sentence the court actually imposed in relation to Appellant's backtime, counsel frames the issue as "[w]hether the trial court erred in sentencing [Appellant] to a concurrent sentence that would not be honored by the [P]arole [B]oard." Appellant's brief at 2.[4]

Although couched as a discretionary sentencing claim, Appellant mainly argues that he is entitled to relief in light of the contractual nature of his plea agreement. "Contract interpretation is a question of law, so our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary." *Commonwealth v. Kerns*, 220 A.3d 607, 612 (Pa.Super. 2019) (cleaned up).

Specifically, Appellant posits that it was unclear whether the trial court was imposing his plea sentences concurrent with the backtime, as envisioned by the plea agreement, or instead only running the pleas concurrently to each

---

[4] We note that Appellant has submitted numerous *pro se* letters to the trial court complaining about the issues raised in his counselled brief. Since we do not allow hybrid representation, these requests are not properly before us. *See Commonwealth v. Hopkins*, 228 A.3d 577, 580 (Pa.Super. 2020) ("As hybrid representation is not permitted in the Commonwealth, our courts will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities." (cleaned up)). We recognize that Appellant has asked to proceed *pro se* in some of these letters, but because counsel has already filed a brief in this Court, those requests are untimely and we will not address them. *See Commonwealth v. Rogers*, 645 A.2d 223, 224 (Pa. 1994) (holding that a defendant may not seek to represent himself after counsel has filed an appellate brief).

other and consecutive to the backtime. Reading the sentencing transcript as a whole bears out that the court understood it was unable to impose the plea sentences concurrent with the backtime, but, upon being reminded that the pleas were nevertheless supposed to be concurrent to each other, acquiesced to that part of the plea agreement. *See* N.T. Sentencing, 12/30/24, at 6, 10-11.

Our High Court has explained that even when the Commonwealth and defendant reach an agreement as to sentencing as part of plea negotiations, "the presiding judge can still sentence the defendant to any term allowed under the Sentencing Code, provided that the defendant has the chance to withdraw his guilty plea if the judge's sentence is not in accordance with his negotiated agreement." *Commonwealth v. Wallace*, 870 A.2d 838, 843 n.5 (Pa. 2005) (citing Pa.R.Crim.P. 591(A)); *see also Commonwealth v. Tann*, 79 A.3d 1130, 1133 (Pa.Super. 2013) ("Following the acceptance of a negotiated plea, the trial court is not required to sentence a defendant in accordance with the plea agreement. Such a sentence is legal, so long as it does not exceed the statutory maximum. However, a criminal defendant who is sentenced to more than was agreed upon in a negotiated plea may withdraw his guilty plea upon being deprived of the benefit of his bargain." (cleaned up)).

Here, instead of imposing the illegal sentence that formed part of the plea agreement, the court accepted the agreed-upon mitigated range sentences but set them consecutive to his backtime, in accordance with the

mandates of the Prisons and Parole Code. Consequently, the relief available to Appellant at that point was the ability to withdraw his guilty plea because it did not conform to the terms of his plea agreement. However, Appellant did not ask to withdraw his plea either before the imposition of sentence when he learned he was no longer able to receive the benefit of the negotiated sentencing scheme, or after the court imposed a sentence longer than that agreed upon as it was consecutive to the backtime. Thus, his challenge to the court's imposition of a sentence outside his plea agreement is waived. *Accord Commonwealth v. Berry*, 296 A.3d 634, 2023 WL 2607449, at *3 (Pa.Super. 2023) (non-precedential decision) (deeming waived defendant's challenge to the plea court's imposition of consecutive sentences, instead of the concurrent ones envisioned by his plea agreement, when the issue was not litigated prior to the appeal).

Accordingly, we affirm Appellant's judgments of sentence.[5]

Judgments of sentence affirmed.

_____

[5] While we are constrained to affirm his judgments of sentence on direct appeal, we note that Appellant may yet pursue collateral relief in a timely PCRA petition. *See Commonwealth v. Root*, 179 A.3d 511, 519 (Pa.Super. 2018 (reinstating defendant's post-sentence rights on PCRA appeal where counsel failed to file a post-sentence motion to enforce the plea agreement or withdraw defendant's plea after the plea court imposed a sentence harsher than that agreed upon).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 3/12/2026